Marshall, C. J.
 

 This is an original snit in this court, styled “In Mandamus and Procedendo.” The petition prays a writ of mandamus compelling the judges of the Court of Appeals of the Second Appellate District and the clerk of the courts of Lorain county to cancel and set aside a judgment rendered by the Court of Appeals of the Second Appellate District in the courts of Lorain county in the Ninth Appellate District, and to cancel and set aside other orders related to said judgment. The petition further prays for a writ of procedendo to compel the judges of the Court of Appeals of the Ninth Appellate District to either dismiss or hear and decide a proceeding and issues which were heretofore decided by the judges of the Court of Appeals of the Second District.
 

 The allegations of the petition take a wider range than the prayer. The petition alleges that her con
 
 *323
 
 troversy originated in the court of common pleas of Cuyahoga county as an action by her husband George T. Barner for divorce, and that the cause was removed to Lorain county by reason of the defendant in that action, the relatrix in this action, having filed a motion for change of venue. That cause came on to be heard in the common pleas court of Lorain county and resulted in a judgment in favor of the plaintiff, George T. Barner, for divorce, and in favor of the defendant, Rosamond S. Barner, for alimony in the sum of $10,000, the payment of the fees of her counsel, and monthly payments of $150 each so long as the case should be pending upon error proceedings. Thereafter, and within the statutory time, error proceedings were prosecuted to the Court of Appeals of Lorain county. It appears from the further allegations of the petition that the judges of the Court of Appeals of the Ninth Appellate District did not desire to hear and decide the case, and the judges of the Court of Appeals of the Second Appellate District were called upon to hear and decide it. The petition alleges that the judges of the Second Appellate District were not regularly assigned to that service, and that, instead of sitting in Lorain county, the case was argued and submitted in Franklin county, in the Second Appellate District, and that an entry of judgment was thereafter mailed to the clerk of the court of Lo-rain county to be entered, and was in fact entered, affirming the judgment of the court of common pleas. Relatrix claims that the judges of the Second Appellate District were without jurisdiction to hear the cause, and that they were forbidden by the Constitution of Ohio to hear the cause while not sitting within the Ninth Appellate District. No other
 
 *324
 
 grounds of illegality concerning their action and judgment are alleged.
 

 Relatrix further alleges that the judgment of the court of common pleas was entered by collusion and fraud, and that there was a conspiracy between the trial judge and counsel for both parties, and that, although the judgment was entered in the court of common pleas July 12, 1924, the alleged conspiracy was not known to her until January 26, 1925.
 

 While the prayer of the petition asks no relief concerning the judgment in the trial court, it is sufficient to say, in disposing of that feature of the case, that this court is without jurisdiction to entertain an original suit to set aside a judgment of a trial court, or any court of inferior jurisdiction, on the ground of fraud.
 

 The other question relates to the alleged invalidity of the judgment of affirmance in the appellate court, and the alleged lack of jurisdiction of the judges of the Second Appellate District to hear the case while not sitting within the Ninth Appellate District. Relatrix recites the following part of Section 6, Article IY, of the Constitution:
 

 “The courts of appeals shall have * * * appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law, * * *.”
 

 It is insisted that the words “within the district” require the judges in hearing a case to sit within the same district in which Lorain county is located, and that any judgment rendered as a result of a hearing in the Second Appellate District is without jurisdiction and void.
 

 
 *325
 
 We are unable to agree with this contention. The language quoted does not require the judges hearing and deciding a case to sit within the district in which the particular county is located where the case is pending. “Within the district” refers to courts of record, and it is the true meaning and intent of that provision of the Constitution to give Courts of Appeals jurisdiction in error proceedings to review judgments of “courts of record within the district.”
 

 The Court of Appeals of the Ninth District can only review a judgment of some court of record within the district. It does not follow that the court must be physically present in the district at the time the case is argued and submitted. No provision is found in the Constitution forbidding any judge to sit in some other district within the state while hearing and deciding a case in some particular district. While this case was reviewed and decided by the judges elected and holding office in the Second Appellate District, they were by designation sitting as the judges of the Court of Appeals of the Ninth Appellate District. This they were permitted to do by another provision of the same section of the Constitution, which provides:
 

 “Each judge shall be competent to exercise judicial powers in any appellate district of the state.”
 

 The Constitution provides that, in case of disability or disqualification of any judge of the Court of Appeals, the Chief Justice of the Supreme Court shall determine such disability or disqualification, and may then assign any judge of the Courts of Appeals to any county to hold court. The Constitution makes no provision for assigning judges of the
 
 *326
 
 Courts of Appeals to districts other than the one in which they may respectively be residing and holding office, where no issue of disability or disqualification is made, and these matters are therefore necessarily left to the action of the General Assembly. The General Assembly has responded by the enactment of Section 1526, General Code. Section 1527 provides the procedure for the action of the Chief Justice of the Supreme Court where an affidavit of bias and prejudice has been filed, but Section 1526 makes provision where no affidavit of prejudice has been filed, in which event the Chief Justice of the Court of Appeals makes the designation. Section 1526 does not provide that the Chief Justice of the Courts of Appeals shall make a written order. It is alleged in the petition that no written order was made in this case prior to the time the case was heard by the judges of the Second Appellate District. The allegation is that the written order was made after the case was heard, and that it was antedated to make it appear that it was made prior to the hearing, and that it was made by the Chief Justice of the Courts of Appeals holding office at that time. If the Chief Justice of the Courts of Appeals in fact made the designation, but did not supply the written order until the later date, it would be only an irregularity which would not invalidate the judgment. Even if no designation had been made by the Chief Justice of the Courts of Appeals, and even though the pleadings and other files had been sent to the judges of the Court of Appeals of the Second District by the clerk of the courts of Lorain county, upon the order of one of the judges of the Court of Appeals, and the case had proceeded to hearing and judgment,
 
 *327
 
 it -would not even then follow that the judgment would be a nullity. Under the decisions of this court, the judges under such circumstances would at least be
 
 de facto
 
 judges, having color of office, and under the provisions of Section 6, Article IV, would have authority and jurisdiction to hear and decide the cause. Their authority could not be brought in question by collateral attack. It must necessarily be questioned, if at all, by a suit in
 
 quo warranto. Ex parte Strang,
 
 21 Ohio St., 610;
 
 State
 
 v.
 
 Gardner,
 
 54 Ohio St., 24, 42 N. E., 999, 31 L. R. A., 660;
 
 Stiess
 
 v.
 
 State,
 
 103 Ohio St., 33, 132 N. E., 85.
 

 While the defendants have not answered or affirmatively admitted any irregularity in the assignment of the judges of the Second Appellate District to hear and decide the cause pending in the Ninth Appellate District, this cause was submitted to this court upon a demurrer to the petition, and, the defendants having joined issue by demurrer, it must be disposed of on the theory that the well-pleaded allegations of the petition are true. This court would not wish to be understood as approving the indiscriminate or irregular assignment of judges to service in districts outside of their respective residences without compliance with the statutory provisions; neither would the court commend any assignment which was not evidenced by a written order. On the contrary, this court feels that any assignment of judges from one district to another, which does not comply with the statutory provisions, or any assignment not accompanied by a written order, would be subject to criticism.
 

 There is another feature of this case, which was not orally argued or even discussed in the briefs, but
 
 *328
 
 which was developed in the course of the oral arguments. It was admitted by relatrix that she has received the full amount of the $10,000 award of alimony, and has received certain monthly payments in addition thereto. Having accepted the fruits of that judgment in her favor, and the award of alimony being inseparably connected with the decree of divorce in favor of George T. Barner, and the entire decree being based upon the same evidence, relatrix could not, upon well-settled equitable principle, ask to have the judgment vacated, even though she might have other equitable grounds for its vacation, without first restoring to the adverse party the amount which she has received on account of the decree.
 
 Saxton
 
 v.
 
 Seiberling,
 
 48 Ohio St., 554, 29 N. E., 179;
 
 Manhattan Life Ins. Co.
 
 v.
 
 Burke,
 
 69 Ohio St., 294, 70 N. E., 74, 100 Am. St. Rep., 666.
 

 The demurrer to the petition will be sustained.
 

 Demurrer to petition sustained.
 

 Kinicade, Jones, Matthias, Day and Allen, JJ., concur.
 

 Robinson, J., concurs in propositions 1 to 5, inclusive, of the syllabus, and in the judgment.