Hart, J.
Upon, consideration of the record in this canse, this court is of the opinion that an appeal on questions of law has been perfected to this court for all purposes, and that both constitutional and nonconstitutional issues are now presented.
In this action the plaintiff seeks to have a decree for alimony awarded her in an Illinois divorce action, which decree incorporated a separation agreement between the parties, set aside and redetermined by the trial court for the reason, as she claims, that the alimony award was improperly made because of fraud on the part of the defendant in procuring the contract of separation between them.
The defendant makes the defense that the plaintiff can not maintain this action until she tenders back the sum of $110,000 and other sums named in the contract paid to her by the defendant. The plaintiff’s amended petition admits the payment of these sums of money and that she has made no tender back but asserts that she is willing to allow the money she received as a credit on any new allowance of alimony, if she is granted more than she agreed to accept in the settlement contract. In her reply to defendant’s sixth defense, covering lack of tender, she ‘ ‘ denies that she is required to tender back to defendant any monies received from him pursuant to said alimony agreement, but avers that this court has jurisdiction to render all equitable relief to which plaintiff may be entitled. ’ ’
The prayer of her amended petition is that the settlement agreement and that portion of the decree of the Superior Court of Cook County, Illinois, incorporating the agreement, be set aside as induced by fraud, and that the Common Pleas Court of Hamilton County, Ohio, determine and allow to plaintiff such sum as should have been allowed in the original action, taking into account the true worth of defendant at the time said settlement contract was consummated.
The plaintiff maintains that she, in attempting to rescind the transaction on the ground of fraud, is not bound to restore that which she has received, since, in any event, she is entitled to retain it as her own, whatever may be the fate of her effort to rescind the transaction. She cites in support of this claim the cases of Galusha v. Galusha, 138 N. Y., 272, 33 N. E., 1062; Locke-Paddon v. Locke-Paddon, 194 Cal., 73, 227 P., 715.
*374 Those eases proceeded on the theory that the compensation received by way of alimony is the equivalent of the support which it is claimed the husband is legally bound to provide for the wife while the marriage relation continues, and which the husband is equitably bound to furnish when the relation is dissolved.
In the instant ease, there was a complete settlement of property rights carried into the contract and, in turn, carried into the decree of the Illinois divorce action. The contract excludes the rights of each party in the property of the other, and was made without reference to the fault or default of either party. It is clear from the record in the instant case that the divorce decree may not be modified or set aside and the award increased without a rescission of the contract of settlement.
The rule in Ohio, as stated in 23 Ohio Jurisprudence, 1120, Section 963, is as follows:
“A party who has received and accepted the benefits of a judgment in his favor will not be heard to challenge the validity of such judgment without first restoring or offering to restore such benefits to the adverse party. ’ ’
A leading case on this subject in Ohio is that of State, ex rel. Barner, v. Marsh, Clerk, 121 Ohio St., 321, 168 N. E., 473, involving a decree in a divorce and alimony action. The sixth paragraph of the syllabus in that case reads as follows:
“Where a party has received and accepted the fruits and benefits of a judgment in his favor, he will not be heard to challenge the validity of such judgment without first restoring or offering to restore such fruits and benefits to the adverse party. ’ ’
Speaking for the court in that case, Chief Justice Marshall said:
“It was admitted by relatrix that she has received the full amount of the $10,000 award of alimony, and has received certain monthly payments in addition thereto. Having accepted the fruits of that judgment in her favor, and the award of alimony being inseparably connected with the decree of divorce in favor of George T. Barner, and the entire decree being based upon the same evidence, relatrix could not, upon well-settled equitable principle, ask to have the judgment vacated, even though she might have other equitable grounds for its vacation, *375 without first restoring to the adverse party the amount which she has received on account of the decree. Saxton v. Seiberling, 48 Ohio St., 554, 29 N. E., 179; Manhattan Life Ins. Co. v. Burke, 69 Ohio St., 294, 70 N. E., 74, 100 Am. St. Rep., 666.”
The case of Picklesimer v. Baltimore & Ohio Rd. Co., 151 Ohio St., 1, 84 N. E. (2d), 214, cited in In re Estate of Gray, 162 Ohio St., 384, 391, 123 N. E. (2d), 408, was an action brought for claimed fraud in inducing plaintiff to settle a tort claim for $900 on the misrepresentation by the railroad company’s physician that plaintiff’s injuries were not permanent, whereas they were claimed to be permanent. This court held that, although the suit was on a claim for damages for the alleged fraud, the real basis for the suit was the alleged negligence of the defendant; that the fraud could only be the basis for setting aside the settlement; and that, since there had been no tender back of the consideration received, no suit could be maintained.
Likewise, the basis of the instant action is the claim that plaintiff is entitled to more money than she received in the settlement, and the claim of fraud is made to secure the setting aside of the judgment which stands in the way of a claim for more money. That claim, if considered, must call for a reconsideration of the facts involved in the adjustment of all property rights existing between the parties, and the plaintiff cannot have the judgment set aside without repaying or tendering the consideration received.
An earlier Illinois case, Babcock v. Farwell, 245 Ill., 14, 91 N. E., 683, is in point. The fourth paragraph of the N. E. head-notes reads:
“The inability of the party to restore the consideration for a contract which he seeks to rescind will not relieve him from the necessity of doing so, and it is not sufficient to offer to set off the amount against what is claimed from the other party.” The seventh paragraph of the headnotes reads:
“A release procured by fraud as to the consideration is binding until set aside in equity, and the party executing it cannot be relieved from it without returning the consideration.”
We are of the opinion that the plaintiff, not having tendered back the consideration which she received as a result of the contract and the Illinois decree, cannot maintain this action to set aside that decree.
*376 Another nonconstitutional issue relates to the claim of fraud because of misrepresentation on the part of the defendant as to his financial situation at the time the contract of separation was executed. The chronological sequence of relevant facts is important. The parties lived together as husband and wife until July 31, 1945. On February 19, 1946, plaintiff filed her complaint for divorce. On February 27, 1946, the parties entered into a contract embodying an alimony and property settlement. On February 28, 1946, the defendant filed his answer in the divorce action, and on March 12, 1946, a decree of divorce was entered embodying the property settlement.
In April 1943, while the parties were still living together as husband and wife, the distillery stock was sold for approximately $1,600,000. On October 18, 1945, less than three months after the separation of the parties but more than four months before the contract was consummated, the defendant executed the irrevocable trust above referred to, whereby he placed $970,000 (the net received from the stock after taxes and expenses) in trust, reserving a life interest in the income from the trust fund, amounting to approximately $25,000 per annum, the corpus to be distributed upon his death to The Robert L. Block Family Foundation.
The plaintiff and her then attorneys during the property settlement negotiations between the parties in January and February 1946 had full and complete knowledge of all the foregoing facts at the time they took place, and the contract so recites. The plaintiff claims that the attorney for the defendant at that time, who is also his attorney in the present action, represented that the trust then fully executed was valid and had been entered into bona fide for the purpose of insuring the defendant an income without the care and responsibility of investment of the principal. As a matter of fact, there is nothing in the record which disproves the facts so represented. At best, the representation was but an expression of an opinion of law on the part of defendant’s counsel and not a representation of fact. Such expressions cannot form the basis for an action based on fraud.
The essential elements of fraud which must be proved by the plaintiff in order to prevail are set out in 19 Ohio Jurisprudence, 335, Section 24, as follows:
*377 “In order to maintain an action for damages for deceit, certain elements mnst be present. First of all, there mnst be actual or implied representations or concealment of a matter of fact which relates to the present or past, and which is material to the transaction; secondly, the representation must be false; thirdly, the representation must be made with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; fourthly, it must be made with the intent of misleading another into relying upon it; fifthly, this other person must have relied upon it with a right to so rely; and lastly, injury must have resulted as the consequence of such reliance. All of these ingredients must be found to exist, and the absence of any of them is fatal to a recovery.”
Furthermore, if the plaintiff was injured by the transfer of the property to the trust, she had that information as well as the right and duty to have the trust set aside prior to her execution of the settlement agreement. A wife separated from her husband is in the position of a creditor and may set aside a voluntary conveyance by him without consideration. The applicable rule is stated in 21 Ohio Jurisprudence, 376, Section 50, as follows:
“The property of the husband is subject to the support of his wife, except where the rights of bona fide creditors intervene, and she cannot be lawfully deprived of this interest in his property. To this extent, she is his creditor. She is just as much a creditor before a judgment for alimony is entered, and entitled to the benefit of his property for her support, as she is afterwards, when she is entitled to subject his property to the payment of alimony.” See, also, Ward v. Ward, 63 Ohio St., 125, 57 N. E., 1095, 81 Am. St. Rep., 621, 51 L. R. A., 858; Rose v. Rose, 34 Ohio App., 89, 170 N. E., 181; Iddings v. Whitacre, 1 Ohio App., 223; 19 Ohio Jurisprudence, 757, Section 81; Franceschi v. Franceschi, 326 Ill. App., 494, 62 N. E. (2d), 1.
The alleged representations of the defendant through his counsel as to the legal effect of the trust were irrelevant since as a matter of law plaintiff already had sufficient information to set the transfer aside if it was a fraud against her, but she cannot do so after entering into a contract of settlement with the defendant with full knowledge of the situation.
*378 It will be unnecessary to pass upon the constitutional issue raised in this case. The court will not consider constitutional questions if the cause can be disposed of on any other ground. State, ex rel. Lieux, v. Village of Westlake, 154 Ohio St., 412, 96 N. E. (2d), 414; State v. Western Union Telegraph Co., 154 Ohio St., 511, 97 N. E. (2d), 2. See Peters v. Hobby, 349 U. S., 331, 99 L. Ed., 1129, 75 S. Ct., 790.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Zimmerman, Stewart, Bell and Taft, JJ., concur.