Day, J.
 

 There are two questions presented by
 
 *21
 
 this record: First, does the failure of the city to begin proceedings to adjudicate the claims for damages of the plaintiffs in error within ten days after the completion of the improvement invalidate the right of the city to collect the assessments in question? Second, are Sections 4227-2 and 4227-3, General Code, in conflict with Section
 
 If,
 
 Article II, of the Constitution of Ohio?
 

 It is the claim of the plaintiffs in error that there has been such a violation of Section 3829, General Code, that the city has lost its right to collect the assessments in question. So much of said section as is necessary for consideration is as follows:
 

 “When the council determines to assess the damages after the completion of an improvement *
 
 *
 
 * for which a claim for damages has been filed as herein' provided, the mayor or solicitor shall, within ten days after the completion of such improvement, make written application to the court of common pleas, * * * to summon a jury in the manner provided in this division for the appropriation of property, to assess the amount of damage in each particular case.”
 

 It is quite true that the record discloses that the city has not complied literally with this section, and that there has been a considerable delay on the part of the city; but in the event that it still complies with the direction of Section 3829, General Code, should it be deprived of the right to collect the assessments in question and the owners of the property be permitted to continue to receive the benefits of the improvement? Stated more concretely, is that portion of the section in
 
 *22
 
 question, which, provides for the ten-day period after completion of the work within which to apply to the common pleas court for a jury to assess damages to those who have filed claims therefor, directory merely, or is it mandatory?
 

 This court, in the case of
 
 State ex rel. Smith
 
 v.
 
 Barnell,
 
 109 Ohio St., 246, 142 N. E., 611, passed upon a question not dissimilar in construing a five-day limitation, provided by a city charter, within which an official act was to be performed. Upon the theory that the instructions of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, it was held that the provisions thereof may generally be regarded as directory, unless the nature of the act to be performed is such that the designation of time must be considered a limitation upon the power.
 

 This principle finds support in the following cases, arising under miscellaneous facts:
 
 School District No. 61, Payne County
 
 v.
 
 Consolidated District No. 2, Coyle, Logan County,
 
 110 Okl., 263, 237 P., 1110;
 
 Terrell
 
 v.
 
 City of Paducah,
 
 122 Ky., 331, 92 S. W., 310, 5 L. R. A., (N. S.), 289;
 
 St. Louis County Court
 
 v.
 
 Sparks,
 
 10 Mo., 117, 45 Am. Dec., 355;
 
 People ex rel. Board of Supervisors of Solano County
 
 v.
 
 Board of Supervisors of Lake County,
 
 33 Cal., 487;
 
 Duncan
 
 v.
 
 Cox,
 
 41 Ind. App., 61, 81 N. E., 735, 82 N. E., 125;
 
 Blimm
 
 v.
 
 Commonwealth,
 
 70 Ky., (7 Bush), 320;
 
 Pond
 
 v.
 
 Negus,
 
 3 Mass., 230, 3 Am. Dec., 131;
 
 Rambeck
 
 v.
 
 La Bree, Sheriff,
 
 156 Minn., 310, 194 N. W., 643;
 
 East Bay Municipal Utility District
 
 v.
 
 Garrison,
 
 191 Cal.,
 
 *23
 
 680, 218 P., 43. See, also, 25 Ruling Case Law, 769, and 36 Cyc., 1160.
 

 Of course the provision for the inquiry for assessment of damages at some stage of the proceedings before collecting an assessment against a property owner is mandatory in character, but the failure to have such inquiry in ten days after the completion of the work does not limit the power or jurisdiction itself. This court has heretofore recognized this doctrine, in the ease of
 
 State ex rel. Alcorn
 
 v.
 
 Mittendorf,
 
 102 Ohio St., 229, 131 N. E., 158, wherein it was held:
 

 “By virtue of Section 5696, General Code, the duty to publicly read the list of persons delinquent in the payment of taxes on personal property is mandatory.
 

 “The requirement of that section that the reading of the list occur at each September session of the board of county commissioners is directory merely, and the board of commissioners having failed to read the list during the September session it is their duty to read the list at a later date. ’ ’
 

 We have therefore reached the conclusion that if the city is not allowed to collect the assessments in question until after having given the property owners an opportunity to have their claims for damages adjudicated, the purpose of the statute in question will be effectuated and no property right of the plaintiffs in error denied. A construction which places the provisions of the statute as merely directory deprives the plaintiffs in error of no right, whereas a construction which would make the same mandatory would deprive the city
 
 *24
 
 of its right to collect the assessments in question and permit the property owners to enjoy the benefits of the improvement without cost to themselves and at the expense of the taxpayers of the municipality. Again, if the language is to be deemed mandatory, the mayor or solicitor might deprive the city of the right to collect an assessment by simply failing to perform a ministerial duty. The construction that the portion of the statute indicated is directory only conforms more nearly to the ends of justice.
 

 The second proposition involved herein is whether or not Sections 4227-2 and 4227-3, General Code, are unconstitutional and void as in conflict with and repugnant to Section
 
 If,
 
 Article II, of the Constitution of the state of Ohio.
 

 Sections 4227-2 and 4227-3 provide that any ordinance passed by council of any municipal corporation shall be subject to referendum except as in said sections provided, and that when such municipal corporation is required by law to pass more than one ordinance or other measure to complete the legislation necessary, the provisions relative to the referendum shall apply only to the first ordinance or other measure required to be passed, and not to any subsequent ordinance or other measure relating thereto.
 

 It is claimed by plaintiff in error that this limiting of the right of referendum to the first measure of a series and denying the same as to the subsequent legislation is in conflict with the referendum provisions of Section
 
 If,
 
 Article II, Ohio Constitution.
 

 This record affirmatively finds that none of the
 
 *25
 
 plaintiffs in error availed themselves of the privilege of invoking a referendum on the resolution of necessity, the ordinance determining to proceed, or the assessing ordinance. When a party has not availed himself of his own rights, nor attempted to bring facts into a record raising a question for review in the courts, there is nothing upon which this court is called upon to pass. It would be equivalent to saying that in the event certain steps had been taken what would be the relative rights of the parties thereon. The question is purely a moot one, and this court does not concern itself therewith nor render declaratory judgments.
 

 Upon an examination of the entire record we find no error in the judgments of the courts below, and said judgments are therefore affirmed.
 

 Judgments affirmed.
 

 Marshall, C. J., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.