By the Court.
 

 The decision hinges on the determination of the question whether the respondent has committed such an abuse of his discretion as to warrant this court to intervene by writ of mandamus.
 

 Neither the United States Constitution, the Ohio Constitution, ■ nor the statutes enacted pursuant thereto fix a time or impose a time limit for holding the special elections to fill vacancies in situations such as we have before, us in this case. The United States Constitution and the Constitution of Ohio provide that the time, place and manner of holding elections for the filling of vacancies shall be made in such manner as may be prescribed by law.
 

 “The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing
 
 *162
 
 Senators.” Article I, Section 4, United States Constitution.
 

 “When vacancies happen in the Representation from any State, the Executive Authority thereof shall issue Writs of Election to fill such Vacancies.” Article I, Section 2, United States Constitution.
 

 The pertinent provisions of the Ohio Constitution read as follows:
 

 “The election and appointment of all officers, and the filling of all vacancies, not otherwise provided for by this constitution, or the constitution of the United States, shall be made in such manner as may be directed by law; * * *.” Article II, Section 27, Ohio Constitution.
 

 “All vacancies in other elective offices shall be filled for the unexpired term in such manner as may be prescribed by law.” Article XVII, Section 2, Ohio Constitution.
 

 The statutes enacted pursuant to the above quoted constitutional provisions read as follows:
 

 “When a vacancy in the office of representative to congress * * * occurs, the governor, upon satisfactory information thereof, shall issue a writ of election, directing that a special election be held to fill such vacancy in the territory entitled to fill it on a day specified in the writ. Such writ shall be directed to the sheriff or sheriffs within such territory who shall give notice of the time and places of holding such election as in other cases. Such election shall be held and conducted and returns thereof made as in case of a regular election.” Section 4829, General Code.
 

 . “When a special election is found necessary to fill a vacancy, the date of the primary shall be fixed at the same time and in the same manner as that of the election, by the authority calling such special election; * * *.” Section 4785-97, General Code.
 

 Under the law it is mandatory upon the Governor to call a special election for the purpose of filling a va
 
 *163
 
 caney created by death in the office of Representative-at-Large. However, there vests in him the discretion to determine and set the time for holding such election. In the exercise of his discretion the Governor designated May 12, and November 3, 1936, respectively, as special nomination and election dates.
 

 Relator contends that earlier dates should have been set and that a writ of mandamus ought to issue from this court to command the Governor to change his judgment in the matter.
 

 "We are, therefore, led to the query whether this court has the authority to substitute its judgment for that of the Governor of the state in cases where its judgment differs from that of the Governor.
 

 The law is clear that mandamus will lie to compel performance of duties which are ministerial in nature and which do not call for the exercise of official judgment and discretion. No executive act dependent upon the judgment or discretion of the Governor is subject to judicial control, and mandamus will not lie unless there has been a clear abuse of discretion.
 

 “Before the judiciary will interfere in such a case, it must clearly appear that such officer has so far departed from the line of his duty under the law that it can be said he has in fact so far abused such discretion that he has neglected or refused to exercise any discretion.” 38 Corpus Juris, 660, Section 199.
 

 The Governor performed his mandatory duties by issuing the proclamation and setting a time for holding the election. A writ of mandamus can direct the performance of no more than has already been performed.
 

 “Courts on suitable occasions will apply the spur of mandamus to put the discretion of # * * officers in motion, yet after that discretion has been exercised, * * * no matter in what way, the mandatory authority to compel the doing of the particular act prayed for is at an end. * * * Whenever an element, shred
 
 *164
 
 or degree of discretion enters into the duty to he performed, the functions of mandatory authority are shorn of their customary potency and become power-loss to dictate terms to that discretion. Were the rule otherwise, instead of officers discharging their duties in accordance with their own official discretion, that of a court would be substituted.”
 
 State, ex rel. Granville,
 
 v.
 
 Gregory et al., State Bd. of Health,
 
 83 Mo., 123 at 136, 53 Am. Rep., 565.
 

 “An officer clothed with discretion as to the manner in which he will perform his duty, who fails to perform that duty, cannot be required to perform the duty in a particular manner, yet he may be compelled by
 
 mandamus
 
 to act.”
 
 Fergus
 
 v.
 
 Marks,
 
 321 Ill., 510, 152 N. E., 557, 46 A. L. R., 960.
 

 The Governor complied with the constitutional and statutory requirements, performing the duties imposed by law upon him. No time limit having been fixed by statute, it is our conclusion that the Legislature intended to leave the question of time for holding of such elections to be determined and fixed by the Governor in the exercise of his discretion.
 

 This court is without authority to substitute its judgment for that of the Governor, and to exact the performance of a duty not imposed by law.
 

 Demurrer overruled and writ denied.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.