Sohngen, J.
 

 The fundamental question for determination by this court is whether the sale by the county auditor to plaintiff was a valid sale. The determination of this question involves an examination of the statutes of Ohio dealing with the procedure to be followed in the sale of real property for the nonpayment of taxes and assessments thereon.
 

 Chapters 14 and 15 of Title I of Part Second of the General Code, which include Sections 5704 to 5773, deal with that procedure. There is no controyersy in this case as to the procedure followed in the forfeiture of the land. It is conceded that the auditor followed all the statutory requirements up to and including the decree of forfeiture of the Common Pleas Court on May 31, 1946, and the Court of Appeals so held. It is at this point in the proceedings that we reach the statutory procedure requiring judicial interpretation to determine the validity of the sale in this case.
 

 The appellee contends that the auditor failed to comply with the provisions of Section 5750, General Code, as to the sale of the forfeited lands, including the particular parcel herein involved, in this respect, to wit, that he did not wait until the following November to make a- list of all forfeited lands before offering them for sale in accordance with the procedure prescribed in Section 5751, General Code, and the failure to observe strictly such provisions made the sale void.
 

 Section 5750 provides:
 

 ‘ ‘ The several county auditors, annually between the first Monday of November and the first day of Janu
 
 *296
 
 ary, shall make a list of all forfeited lands and lots in the county and shall sell the forfeited lands and lots-agreeably to the provisions of this chapter. Lands and lots so forfeited, which, for any cause have not been so offered, shall be offered for sale under the-provisions of this chapter, and if not sold for want of bidders, shall be again advertised and offered for sale-by the county auditor, at the next subsequent- sales by him made, under this chapter, until such lands and. lots are sold.”
 

 Section 5751 provides:
 

 “If the taxes, assessments, penalties, interest and costs due on the forfeited lands have not been paid on or before the fifteenth day of January of each year, the county auditor shall cause notice thereof to be advertised once a week for two consecutive weeks prior to the first day of July in each year, in two newspapers as provided in Section 5704 of the General Code. Such, notice shall state that if the taxes, assessments, penalties, interests and costs charged against the lands forfeited to the state for nonpayment of taxes are not. paid into the county treasury and the treasurer’s receipt produced therefor before the time specified in said notice for the sale of said lands, which day shall be named therein, each tract, so forfeited, on which-the taxes, assessments, penalties, interest and costs-remain unpaid will be offered for sale beginning on a date to be set by the county auditor, which date shall be not later than July first of each year, at the court house in such county, in order to satisfy such taxes,, assessments, penalties, interest and costs, and that such sale will continue from day to day until each of such tracts is sold or offered for sale. ’ ’
 

 This brings us to the question whether statutory provisions as to the time at which, or within which, certain acts are to be performed are directory or man
 
 *297
 
 datory. The appellee contends that the purpose of these sections is to give the taxpayer more time within which to redeem his land from the state. Appellants, •on the other hand, contend that under the statutes delinquent-land sales are to be held each year between the fifteenth of January and the first day of July, and that any land which has been forfeited to the state, regardless of the time of forfeiture, may be sold during that time.
 

 It is a well established rule that a statute providing the time or manner in which a public official shall act is directory, unless the statute contains words importing that such duties shall not be done at any other time, or where such interpretation would impair rights involved. Provisions as to time limitation, imposed merely with a view to the prompt and orderly conduct ■of business, are generally regarded as directory, not mandatory. 32 Ohio Jurisprudence, 938, Section 76.
 

 In the case of
 
 State, ex rel. Smith,
 
 v.
 
 Barnett, Dir.,
 
 109 Ohio St., 246, 255, 142 N. E., 611, it was said in the opinion by Judge Allen:
 

 “A statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory merely, unless the nature of the act to be performed or the phraseology of the statute or of other statutes relating to the same subject matter is such that the designation of time must be considered a limitation upon the power of the officer.” See, also,
 
 State, ex rel. Alcorn,
 
 v.
 
 Mittendorf, et al., Commrs.,
 
 102 Ohio St., 229, 131 N. E., 158;
 
 Schick
 
 v.
 
 City of Cincinnati,
 
 116 Ohio St., 16, 155 N. E., 555; and
 
 Miller, Pros. Atty.,
 
 v.
 
 Lakewood Housing Co.,
 
 125 Ohio St., 152, 180 N. E., 700, 81 A. L. R., 1239.
 

 An examination of the time schedules of Sections -5750 and 5751 discloses that there are no words restraining* the auditor from proceeding with the per
 
 *298
 
 formance of his duties at any other reasonable time. There is no clear language stating that the time schedule must be strictly followed.
 

 The remaining question to be considered is whether a mandatory interpretation is necessary to protect the rights of the taxpayer-owner of the land. In considering this question we must first consider the procedure which must be followed in order to forfeit land to the state because of nonpayment of taxes.
 

 As hereinbefore stated, Chapters 14 and 15 of Title I of Part Second of the General Code (Sections 5704 to 5773), deal with the procedure to be followed in the sale of real property for the nonpayment of taxes. Two methods are provided. The first relates to foreclosure of the more valuable properties, Section 5718-1, General Code. The second relates to forfeiture of properties in which there seem to be no equities over the taxes and assessments due, Sections 5718-la, 5718-1
 
 b
 
 and 5718-le, General Code.
 

 The preliminary steps- in regard to delinquent taxes are the same in both cases. The county auditor, after the August settlement, makes and certifies a list of all delinquent lands in the county and publishes notice thereof. Lands becpme delinquent for this purpose when the taxes and assessments remain unpaid at two consecutive semiannual tax settlement periods (Section 5705, General Code).
 

 Two years after this- certification the auditor must submit a list of lands on the delinquent list, subject to foreclosure, to the county board of revision which is authorized to omit therefrom all properties which, in its opinion, will not sell for a sufficient amount to pay the taxes due and the cost of foreclosure. After that is done, the auditor must prepare a certificate for each tract and file such certificate with the prosecuting attorney, and it is at this point that the procedures take different courses'. The lands which the board of
 
 *299
 
 revision determines should be foreclosed must be foreclosed within nine months by an action in foreclosure by the prosecuting attorney. As to the lands, such as we are concerned with in this case, the forfeited lands, the prosecuting attorney must file an application in the Common Pleas Court, setting out the action of the board of revision to have such lands forfeited to the state. After notice and hearing, the court may affirm the action of the board of revision and declare such lands forfeited to the state, and a list of such forfeited lands is then certified by the clerk of courts to the county auditor.
 

 From an examination of that procedure no one’s rights are infringed or impaired. The taxpayer is given notice of the action of forfeiture in the Common Pleas Court and adequate opportunity is given to object to such forfeiture. We cannot conceive'of any benefit inuring to the taxpayer by having the auditor make a list of the lands forfeited by the Common Pleas Court. The taxpayer has all the opportunity the General Assembly intended he should have to pay his taxes.
 

 The purpose of the statutes dealing with the procedure in the sale of real property for the nonpayment of taxes and assessments thereon is to provide a means by which a state can collect money due it in an orderly manner which will protect the owner of the land and give him an opportunity to pay his taxes if he so desires. Up until the time a forfeiture of the land is decreed, the taxpayer is given notice after notice that his taxes are due, and finally, when proceedings are brought by the state to forfeit the land, it is done in a court of competent jurisdiction and the taxpayer has notice of and an opportunity to object to the proceedings and to appeal after a judgment is rendered. After- the forfeiture is declared, title rests
 
 *300
 
 in the. state and it then becomes the duty of the state to proceed as expeditiously as possible to collect the taxes.
 

 One further point* indicates that the General Assembly never intended Sections 5750 and 5751, General Code, to be mandatory. In comparing the sections providing for foreclosure and forfeiture, it will be noted that a foreclosure action must be brought within nine months after the list is returned. The intent of the General Assembly is .clear that in foreclosure cases the state should proceed as soon as possible to collect the delinquency. It may be presumed that the General Assembly intended the same with forfeited lands.
 

 It is the opinion of this court that the provisions of Sections 5750 and 5751, General Code, prescribing the times at which the auditor’s duties are to be performed, are not intended as limitations upon his authority but are merely directory .expressions adopted for the purpose of securing uniformity, order, system and dispatch in proceedings designed to expedite the collection of delinquent taxes, assessments, penalties, interest and costs; and that the sale of the land in question by George Guckenberger, auditor of Hamilton county, to the appellee was valid.
 

 Holding, as we do, that the sale in this case was valid, it becomes unnecessary to discuss the question whether the appellee is entitled to the return of the purchase price and ■ charges paid by him in making such purchase.
 

 The judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman and Stewart, JJ., concur.