Taft, J.
The adoption of provisions in a city’s charter, relative to appointments to fill vacancies in the legislative body of such city, is authorized by the provisions of Sections 3 and 7 of Article XVIII of the Ohio Constitution granting authority to exercise “all powers of local self-government.” Where such charter provisions specify who ■ shall make such appointments, statutory provisions authorizing an appointment by someone else cannot apply in the absence of their adoption by other provisions of the charter. See State, ex rel. Bindas, v. Andrish, 165 Ohio St., 441, 136 N. E. (2d), 43.
It is contended that the part of Section 731.43, Revised Code, empowering the mayor to “fill * * * by appointment” a vacancy in the legislative authority of a municipal corporation “if the legislative authority fails within 30 days to fill such vacancy,” can, under the provisions of section 232 of the Columbus charter, *463 “be applicable to” Columbus, because that statutory provision is “not in conflict with” section 5 of tbe Columbus charter. Cf. State, ex rel. Flash, Jr., v. Collins, 148 Ohio St., 45, 73 N. E. (2d), 195, involving a charter containing no provisions similar to section 5 of the Columbus charter.
Section 5 of the Columbus charter grants the power to fill vacancies to council and to no one else. Applying the doctrine of expressio unius est exelusio alterius, as we did in State, ex rel. Bindas, v. Andrish, supra (165 Ohio St., 441), it is apparent that the charter denies such power to the mayor. It necessarily follows that the statute giving the mayor such power under certain circumstances conflicts with section 5 of the charter.
Also, it is apparent that, if the mayor can, pursuant to the statute, make an appointment, the council may not thereafter fill the vacancy, notwithstanding that section 5 of the charter states that the vacancy “shall be filled by the council.”
It may be suggested that section 5 should be construed as though it read, the “vacancies in council shall be filled within a reasonable time by the council”; that 30 days represents more than such a reasonable time; that there is therefore no charter provision for filling the vacancy after a reasonable time; and that hence the second sentence of Section 731.43, Revised Code, authorizing the mayor to fill the vacancy by appointment if the council fails to do so within 30 days, does not conflict with section 5 of the charter.
Such an argument would obviously require a reading into section 5 of the charter of the words “within a reasonable time.” Even if that should be done, the question would still remain whether the resulting provisions as to the time of acting should be construed as merely directory or whether the council’s failure to comply with those time provisions should be construed so as to cut off the appointing power of the council. See 43 American Jurisprudence, 77, Section 259; 50 American Jurisprudence, 46, Section 23.
In Schick v. City of Cincinnati, 116 Ohio St., 16, 155 N. E., 555, paragraph one of the syllabus reads:
“ Statutes which relate to the manner or time in which power or jurisdiction vested in a public officer is to be exercised, and *464 not to the limits of the power or jurisdiction itself, may he construed to he directory, unless accompanied h'y negative words importing that the act required shall not he done in any other manner or time than that designated.” (Emphasis added.)
The extent to which this court has gone in construing provisions for a time for the performance of an official duty as directory rather than mandatory is indicated by State, ex rel. Jones, v. Farrar, 146 Ohio St., 467, 66 N. E. (2d), 531, where paragraph four of the syllabus reads:
“Where a statute fixes the time within which an official oath must be taken or an official bond given, the provision respecting the time is directory, although the statute declares that the office is forfeited by default; and unless the statute expressly declares that failure to take the oath or to give the bond by the time prescribed ipso facto vacates the office, the oath may be taken and the bond given at any time before the term begins. ’ ’
In the instant case, unlike in those cases, a time limitation has not even been specified but must be implied. Hence, it would seem clear that, even if we can imply a duty of council to act within a reasonable time, such duty would represent a directory and not a mandatory duty. See also State, ex rel. Kay, v. Lausche, Gov., 161 Ohio St., 168, 118 N. E. (2d), 414; and State, ex rel. Armstrong, v. Davey, Gov., 130 Ohio St., 160, 198 N. E., 180.
Section 2 of Article XVII of our Constitution provides in effect that “any vacancy which may occur in” the office of Attorney General “shall be filled by appointment by the Governor.” As relator suggests, certainly, a statute, granting authority to some other officer to fill a vacancy in the office of Attorney General by appointment after the Governor’s failure for 30 days to do so, would conflict with that constitutional provision.
As respondent argues, there are many reasons why there should be some legal method of filling a vacancy in the Columbus city council in an instance where the council is unable to agree on an appointment to fill such a vacancy within a reasonable time. However, it is necessary to amend the Columbus charter in order to provide such a legal method. This court has no power or authority to do that.
*465 It follows that the demurrer to the answer must be sustained, and, since the parties have agreed that the ruling on that demurrer will be dispositive of the cause, the writ prayed for is allowed.

Demurrer to answer sustained and writ allowed.

Stewart, Matthias and Herbert, JJ., concur.
Weygandt, C. J., Zimmerman and Bell, JJ., dissent.