Bell, J.,
dissenting. Although I am reluctant to add fodder to a fire -that should have been extinguished while in the smoldering stage, my disagreement with the application of the cases cited and relied upon in the majority opinion compels me to a more detailed discussion thereof.
In the first place, I fail to see even any remote application of the case of State, ex rel. Bindas, v. Andrish, 165 Ohio St., 441, 136 N. E. (2d), 43, to the present case. An attempt was made in the Bindas ease to show that, since the Charter of the City of Youngstown was silent as to whether the holding of another public office or employment was a disqualification of a member of the city council, the general law, viz., Section 731.02, Revised *466 Code, which prohibits the holding by a member of council of another public office or employment, controlled. However, the Youngstown charter did specifically provide for the qualifications of its councilmen. The charter was not silent on the point, and this court, in my opinion, properly held that the state statute had no application. That, however, presents a very different situation from that which was pointed out by Judge Taft in the report of that case, when he said:
“It may be that a state statute can be applied where a charter is silent with regard to the procedure to be followed in a particular instance, as the Youngstown charter is with respect to what shall be done when a vacancy occurs in its council.” (Emphasis added.)
There is no question here that the Columbus charter is silent as to the procedure to be followed in the case of a tie vote in council or in the event council fails or refuses to act.
In State, ex rel. Jones, v. Farrar, 146 Ohio St., 467, 66 N. E. (2d), 531, relied upon in the majority opinion as indicative of the extent to which this court has gone in construing provisions as to the time for the performance of an official duty as directory rather than mandatory, it is inteiesting to note the test delineated as follows by Judge Hart, and concurred in unanimously by the other members of the court, for determining whether a provision is directory or mandatory:
“The character of the statute may be determined by the consideration of (1) the words of the statute, (2) the nature, context and object of the statute and (3) the consequences of the various constructions.'” (Emphasis added.) •
I can not see the application of State, ex rel. Kay, v. Lausche, Gov., 161 Ohio St., 168, 118 N. E. (2d), 414, or State, ex rel. Armstrong, v. Davey, Gov., 130 Ohio St., 160, 198 N. E., 180, to the instant case. In each of those cases a writ of mandamus was sought to compel the Governor to call a special election to fill vacancies in the General Assembly or the Congress. In each case the writ was denied because the Governor had performed his mandatory duty by ordering a special election and by setting a time therefor. In each case, this court properly refused to control the Governor’s discretion in fixing the time.
(1) Substituting “charter” for “statute” in the test set *467 out by Judge Hart in tbe Farrar case, an analysis of tbe Columbus charter shows clearly that section 5 thereof provides that vacancies in the city council shall be filled by the council. (2) The nature and object of the provision can only be to provide for the full complement of council members provided for in section 3 of the charter. (3) But, what are the consequences of the various constructions?
Even a cursory reading of the Columbus newspapers from September 12, 1958, to October 20, 1958, would have revealed the stalemate existing in the municipal affairs of Columbus resulting from the attempts of three Republican members and three Democratic members of council to fill the vacancy caused by the death of Councilman Llewelyn. Although, concededly, such shenanigans as were reported in the press are not part of our record here, they were known to the public generally and should not, because of such general knowledge, be excluded from the knowledge of a court by any legalistic esotery. Conceivably, such a stalemate, depending on the way the political shots are called, could continue for an appreciable length of time. It could result in a stalling of the processes of municipal government for a period of nearly two years until the next municipal election. It could well result in the failure to fill, for political reasons, vacancies in any number of municipal offices required to be filled by council.
The decision being announced by the majority may well make the filling of the vacancy involved herein dependent upon the vagaries of the health of one of the six remaining councilmen, whose absence from a meeting would permit a majority of the other political faith to fill the vacancy, provided the two then in the minority decided to maintain a quorum by remaining in the meeting. Other equally incongruous consequences could be outlined ad infinitum ad ridiculum.
Judge Stewart in his opinion in State, ex rel. Haines, Dir., v. Rhodes, Aud., 168 Ohio St., 165, 151 N. E. (2d), 716, aptly quoted as follows from State, ex rel. Cooper, v. Savord, Judge, 153 Ohio St., 367, 92 N. E. (2d), 390:
“ 'The General Assembly [people of Columbus] will not be presumed to have intended to enact a law [charter provision] producing unreasonable or absurd consequences. It is the duty *468 of tjte courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result. ’ ’ ’
The Charter of the City of Columbus is silent as to when the council shall perform its mandatory duty to fill a vacancy. In my opinion, it is inherent in such a mandatory provision that the duty to be performed must be performed. And if it must be performed, it is likewise inherent that the performance should be accomplished within a reasonable time. Certainly when the daily necessities of a city such as Columbus are considered, and when orderly progressive legislative action is a constant and essential factor in the filling of those needs, 30 days represents a reasonable time. Failure of council to act within that time is an unreasonable abdication of its duty and, in the complete absence of any charter provision for the consequences thereof, the appointive power provided for in Section 731.43, Revised Code, may properly be invoked.
Zimmerman, J., concurs in the foregoing dissenting opinion.