[Cite as *State ex rel. AWMS Water Solutions, L.L.C. v. Simmers*, 2020-Ohio-4798.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>AWMS Water Solutions, LLC, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No.  19AP-582 |
| | : | |
| Richard J. Simmers, Chief of the Ohio<br>Department of Natural Resources, Division<br>of Oil and Gas Resources Management, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on October 6, 2020

**On brief:** *Brouse McDowell LPA, Kyle A. Shelton,* and *Matthew G. Vansuch,* for relator.

**On brief:** *Dave Yost,* Attorney General, *Brett A. Kravitz,* and *Scott Myers,* for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BEATTY BLUNT, J.

{¶ 1} Relator, AWMS Water Solutions, LLC ("relator" or "AWMS") filed this original action seeking a writ of mandamus to compel respondent, Richard J. Simmers, Chief of the Ohio Department of Natural Resources, Division of Oil and Gas Resources Management ("respondent" or the "Division"), to take formal action with respect to a proposal by AWMS to resume operations of a waste-fluid injection well.  Respondent filed a motion to dismiss relator's complaint for failure to state a claim upon which relief can be granted.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. On January 10, 2020, the magistrate issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate found that relator's complaint failed to state a claim upon which relief in mandamus can be granted because it is apparent from the face of the complaint that relator has no legal right to the relief requested, and recommends this court grant the motion to dismiss.

{¶ 3} Relator has filed objections to the magistrate's conclusions of law, asserting the magistrate erred in determining that relator's complaint is barred by the doctrine of the law of the case established by our decision in *Am. Water Mgt. Servs., LLC v. Div. of Oil & Gas Resources Mgt.,* 10th Dist. No. 17AP-145, 2018-Ohio-3028 ("*AWMS I*"), *jurisdictional motion overruled*, 154 Ohio St.3d 1431, 2018-Ohio-4670 (Table), *reconsideration denied*, 154 Ohio St.3d 1467, 2018-Ohio-5209 (Table). We agree that the doctrine of the law of the case is inapplicable to this action. Under the doctrine of law of the case, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). The doctrine ensures the consistency of results in a case and avoids endless litigation by settling the issues. *Id.* Pursuant to the doctrine, a litigant may not raise arguments "which were fully pursued, or available to be pursued, in a first appeal." *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404-05 (1996). Because the instant matter is not a subsequent proceeding arising from *AWMS I*, but rather is an entirely novel and separate proceeding, the law of the case does not apply to this matter. Therefore, to this extent relator's objection is sustained in part. Our agreement with relator on the foregoing point notwithstanding, we nevertheless find the magistrate properly concluded that relator's complaint failed to state a claim upon which relief in mandamus can be granted.

{¶ 4} A Civ.R. 12(B)(6) motion to dismiss a complaint in mandamus tests the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95 (1995), citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). In reviewing the complaint, this court must take all material allegations as admitted and construe all reasonable inferences in favor of the

relator as the nonmoving party. *Id.* "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 5} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983). The burden is on relator to establish all three elements by clear and convincing evidence. *State ex rel. Mars Urban Solutions, LLC v. Cuyahoga Cty. Fiscal Officer*, 155 Ohio St.3d 316, 2018-Ohio-4668, ¶ 6.

{¶ 6} A complaint in mandamus will not be dismissed if it sufficiently states a claim that alleges the existence of the legal duty and the want of an adequate remedy at law so that the respondent is given a reasonable notice of the claim asserted. *Hanson* at 548, citing *State ex rel. Alford v. Willoughby Civil Serv. Comm.,* 58 Ohio St.2d 221, 223 (1979). Nevertheless, "[i]t is firmly established that the writ of mandamus will not issue' * * * where the relator has or had available a clear, plain and adequate remedy in the ordinary course of the law.' " *Berger* at 30, quoting *State ex rel. Sibarco Corp. v. Berea*, 7 Ohio St.2d 85, 88 (1966). The failure to receive a decision in one's favor in the administrative appeals process does not render that process inadequate. *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities*, 72 Ohio St.3d 205, 209 (1995). Put another way, "[w]here a plain and adequate remedy at law has been unsuccessfully invoked, the extraordinary writ of mandamus will not lie either to relitigate the same question or as a substitute for appeal." *Id.*, citing *State ex rel. Inland Properties Co. v. Court of Appeals of the Eighth Appellate Dist. of Ohio*, 151 Ohio St. 174, 176 (1949); *State ex rel. Stanley v. Cook*, 146 Ohio St. 348 (1946), paragraphs five and nine of the syllabus.

{¶ 7} Furthermore, a writ of mandamus will not issue to compel a public body or official to perform a discretionary act. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249 (1997); *State ex rel. Armstrong v. Davey*, 130 Ohio St. 160, 163 (1935). Similarly, a writ of mandamus will not lie to compel an act that has already been

performed. *State ex rel. Lee v. Montgomery*, 88 Ohio St.3d 233, 237 (2000), citing *State ex rel. Crim v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 38 (1999). Nor may an action in mandamus be used as a vehicle to collaterally attack a prior judgment of a court. *State ex rel. Fred Stecker Lincoln-Mercury, Inc. v. Ohio Motor Vehicle Dealers Bd.*, 18 Ohio St.3d 391, 394 (1985).

{¶ 8} Turning to relator's complaint, the first count in relator's complaint seeks a writ of mandamus compelling the Division through Chief Simmers to officially act on AWMS's proposal to resume operations at the AWMS #2 Well. The second count in relator's complaint seeks a writ of mandamus or an alternative writ[1] to Chief Simmers to show cause why his refusal to adopt AWMS's proposal is not arbitrary. The magistrate recommended this court grant the Division's motion to dismiss because it is apparent on the face of the complaint that relator has no legal right to the relief requested. We agree with the magistrate's assessment.

{¶ 9} A review of the complaint reveals that relator has cited to no authority whatsoever which would establish either (1) that relator has a clear legal right to the relief prayed for, or (2) that respondent is under a clear legal duty to perform the act requested. Although in response to the motion to dismiss relator makes a general citation to Chapter 1509 of the Revised Code and hints at a kind of "implied" legal duty on the part of Chief Simmers to issue a formal response to the Well #2 restart plan, this is insufficient to withstand a Civ.R. 12(B)(6) motion to dismiss. The failure to establish the first two elements required to be entitled to a writ of mandamus is enough to grant the Division's motion to dismiss.

{¶ 10} Furthermore, relator cannot establish the third element necessary to be entitled to a writ of mandamus because it cannot show it lacks a plain and adequate remedy in the ordinary course of law. Relator has already challenged the suspension order in the administrative appeals process, and this court has already upheld that order and found that the Chief acted lawfully and reasonably. *AWMS I.* The act which relator seeks to have compelled was performed during the administrative appeals process: the record is clear that the restart plan was rejected as part of that process, and there is nothing left for the

---

[1] Relator does not expound upon what such alternative writ would be appropriate.

Chief to decide.[2]  As discussed above, an unsuccessful invocation of a plain and adequate remedy at law does not render that remedy "inadequate" for purposes of a mandamus action.  *State ex rel. Nichols* at 209, citing *State ex rel. Inland Properties Co.* at 176; *State ex rel. Stanley* at paragraphs five and nine of the syllabus.

{¶ 11} Moreover, as was properly determined by the magistrate, an action in mandamus may not be used as a vehicle to collaterally attack a prior judgment of a court. *State ex rel. Fred Stecker Lincoln-Mercury, Inc.* at 394.  Yet this is exactly what relator is attempting to do via this action—collaterally attack this court's prior decision in *AWMS I.* Thus, to the extent the magistrate's decision recommends granting the motion to dismiss, we overrule relator's objections to the magistrate's conclusions of law and adopt the magistrate's decision as our own.

{¶ 12} Relator also objects to the magistrate's factual findings.  First, although not presented as a formal objection, relator asserts the magistrate erred because he assumed a fact not in the record: namely, that "the Oil & Gas Commission and this Court 'addressed' AWMS's plan to resume operations at the #2 Well and 'ultimately [found] them unsuitable.' "  (Relator's Obj. to the Mag.'s Decision at 2.)  Relator is wholly incorrect in its contention that the fact that the Division rejected its restart plan is not in the record.  This is readily evinced by Exhibit F of the Complaint for Writ of Mandamus filed by relator, which is a copy of the August 12, 2015 Findings, Conclusions and Order of the Commission and which clearly shows as Finding of Fact No. 20 that the restart plan was rejected by the Division, "finding it generic and inadequate" and that it "lacked scientific and quantitative support to show how the plan would minimize risks."  (Compl., Ex. F at 7.)  Furthermore, as observed by the magistrate in his decision, this court previously found that the commission's suspension order was lawful and reasonable and must be upheld.  *AWMS I.* Thus, we reject this assertion of error by relator.

{¶ 13} Next, and again not presented as a formal objection, relator asserts that the magistrate improperly disregarded the fact alleged in paragraph 22 of its complaint that the Division was not actively working on a statewide policy on induced seismicity and no longer plans to adopt such a statewide policy. This assertion is easily refuted by the

---

[2] Furthermore, even if the restart plan had not been rejected, mandamus will not issue to compel the performance of a discretionary act. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249 (1997); *State ex rel. Armstrong v. Davey*, 130 Ohio St. 160, 163 (1935).

magistrate's Finding of Fact No. 16 which clearly acknowledges that portion of relator's complaint "seeking a writ to compel the chief to cease delay during formulation of a statewide injection well policy addressing seismic concerns * * *."  (Mag.'s Decision at 3.) Accordingly, we reject this assertion of error by relator.  Therefore, we overrule relator's objections to the magistrate's factual findings and adopt the magistrate's decision as our own.

{¶ 14}  In conclusion, having conducted an independent review of the record in this matter, we find that the magistrate has determined the pertinent facts and properly applied the relevant law with the single exception noted herein. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law as modified herein.  For the reasons set forth in the magistrate's decision and those expressed herein, relator's objections are overruled in part and sustained in part.  We hereby modify the magistrate's decision to reflect that the doctrine of the law of the case does not apply in this matter, but we adopt the remainder of the magistrate's conclusions of law and the recommendation that the motion to dismiss be granted, and relator's petition for writ of mandamus is hereby dismissed.

*Objections sustained in part and overruled in part;*
*motion to dismiss granted;*
*petition for writ of mandamus dismissed.*

DORRIAN and BRUNNER, JJ., concur.

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

The State ex rel.                                     :
AWMS Water Solutions, LLC,

                                                      :
          Relator,

                                                      :
v.                                                                        No.  19AP-582

                                                      :
Richard J. Simmers, Chief of the Ohio                                  (REGULAR CALENDAR)
Department of Natural Resources, Division  :
of Oil and Gas Resources Management,

                                                      :
          Respondent.

                                                      :

_____

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 10, 2020

_____

*Brouse McDowell LPA, Kyle A. Shelton,* and *Matthew G. Vansuch,* for relator.

*Dave Yost,* Attorney General, *Brett A. Kravitz,* and *Scott Myers,* for respondent.

_____

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 15}  Relator, AWMS Water Solutions, LLC, filed this original action seeking a writ of mandamus to compel respondent, Richard J. Simmers, Chief of the Ohio Department of Natural Resources, Division of Oil and Gas Resources Management, to take formal action with respect to a proposal by AWMS to resume operations of a waste-fluid injection well.

Findings of Fact:

{¶ 16} 1. Relator AWMS Water Solutions, LLC ("AWMS") is an Ohio corporation, and is in the business of disposing of fluid waste from oil and gas production sites and drilling sites.

{¶ 17} 2. Respondent Richard J. Simmers is the chief of the Ohio Department of Natural Resources, Division of Oil and Gas Resources Management ("the chief" or "the division" as appropriate). The division is created under R.C. 1509.02 and is charged with sole and exclusive authority to regulate permitting, location, and spacing of oil wells, gas wells, injection wells, and production operations within the state of Ohio.

{¶ 18} 3. Jurisdiction and venue with this court are proper under Article IV, Section 3(B)(1)(b) of the Constitution of the state of Ohio and R.C. 2731.02, and because the division's headquarters are situated in Franklin County.

{¶ 19} 4. The division issued permits to AWMS on July 18, 2013 for drilling of two fluid waste injection wells.

{¶ 20} 5. The division issued further operating permits for these wells to AWMS under R.C. 1509.22 and Ohio Adm.Code 1501:9-03-06(H) on March 24, 2014.

{¶ 21} 6. Operation of AWMS Number Two Well began in approximately May 2014.

{¶ 22} 7. Seismic monitoring detected minor seismic events in July and August 2014, possibly but not conclusively connected with operation of Number Two Well.

{¶ 23} 8. AWMS was in compliance with relevant regulations and permit conditions for the operation of Number Two Well when it was in operation.

{¶ 24} 9. Prompted by the recent seismic events, the division suspended operation of Number Two Well by issuing its Order No. 2014-374 on September 5, 2014.

{¶ 25} 10.  AWMS has complied with the suspension order at all times since it was issued by the division, a period that has covered numerous administrative and judicial proceedings.

{¶ 26} 11.  AWMS appealed to the oil and gas commission from the suspension order. On August 12, 2015, the commission upheld the suspension order.

{¶ 27} 12. AWMS appealed the commission's August 12, 2015 order to the Franklin County Court of Common Pleas, which found that the commission's order was unreasonable in part and should be modified.  The court of common pleas determined that the order imposed implementation of an as-yet unformulated statewide policy addressing all injection wells, and unreasonably declined to address AWMS's proposed restart plan based on local conditions for Number Two Well.

{¶ 28} 13. On further appeal, this court reversed the court of common pleas in part and found that the commission's order was reasonable and lawful and must be upheld.  *Am. Water Mgt. Servs., LLC v. Div. of Oil & Gas Resources Mgt.,* 10th Dist. No. 17AP-145, 2018-Ohio-3028 ("*AWMS 1*"), *jurisdictional motion overruled*, 154 Ohio St.3d 1431, 2018-Ohio-4670 (Table), *reconsideration denied*, 154 Ohio St.3d 1467, 2018-Ohio-5209 (Table).  That decision specifically held that it was not unreasonable for the chief to "refuse to speculate without a statewide policy" and "conclude that the only safe amount of injection was zero, at least for now."  *Id.* at ¶ 43.

{¶ 29} 14. AWMS subsequently filed a motion with the oil and gas commission on April 5, 2019 to vacate the previous decision of the commission upholding the division's suspension order for Number Two Well.

{¶ 30} 15. The division opposed the motion on the basis that the commission did not have jurisdiction to hear such a motion to vacate. The commission agreed and dismissed the motion at hearing on August 13, 2019.

{¶ 31} 16. AWMS filed the present complaint in mandamus on August 30, 2019 seeking a writ to compel the chief to cease delay during formulation of a statewide injection well policy addressing seismic concerns and again consider its previous proposed restart plan for Number Two Well.

Discussion and Conclusions of Law:

{¶ 32} In order for this court to issue a writ of mandamus, relator must show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). Like the writ of prohibition, the writ of mandamus will not lie to compel a public body or official to act in a certain way on a discretionary matter. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247 (1997).

{¶ 33} The matter is presently before the magistrate on respondent's motion to dismiss the action for failure to state a claim pursuant to Civ.R. 12(B)(6).

{¶ 34} A motion to dismiss a complaint in mandamus tests the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). In reviewing the complaint, this court must take all material allegations as admitted and construe all reasonable inferences in favor of the relator and the nonmoving party. *Id.* "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts in entitling him to recovery." *O'Brien v. Univ. Community Tenants*

*Union, Inc.,* 42 Ohio St.2d 242 (1975), syllabus. A complaint in mandamus will not be dismissed if it sufficiently states a claim that alleges the existence of a legal duty and the want of an adequate remedy at law so that the respondent is given reasonable notice of the claim asserted. *State ex rel. Alford v. Willoughby Civil Serv. Comm.,* 58 Ohio St.2d 221, 223 (1979).

{¶ 35} Because it is apparent on the face of the complaint that relator in this case has no legal right to the relief requested, the magistrate grants the motion to dismiss. Even when construing the complaint in the light most favorable to relator and affording all reasonable inferences derived from the allegations, the complaint does not state a claim against the chief for which relief can be granted.

{¶ 36} In the wake of this court's prior decision in *AWMS 1*, it is apparent the status of the chief's order has not evolved, and the court's prior decision stands as the law of the case in this matter. Relator's complaint does not assert that AWMS has submitted a new plan to the division or proposed modifications that would be quantitatively different from those that were rejected by this court in *AWMS 1*. AWMS now demands the chief and division act on the plan previously submitted in 2014, addressed by the commission, common pleas court, and this court, and ultimately found unsuitable. This court has determined as a matter of law that the commission's rejection of that plan was lawful and reasonable. On its face, the complaint asks for relief that is barred by the law of the case in this matter.

{¶ 37} Moreover, mandamus may not be maintained to present a collateral attack upon a judgment of a court. *State ex rel. Fred Stecker Lincoln-Mercury, Inc. v. Ohio Motor Vehicle Dealers Bd.,* 18 Ohio St.3d 391, 394 (1985). Such a collateral attack is even less

maintainable in an action in the very court that issued a previous decision on appeal setting the law of the case.

{¶ 38} It is therefore apparent from the face of relator's complaint that the complaint fails to state a claim upon which relief in mandamus can be granted, and it is accordingly the magistrate's decision that this court grant respondent's motion to dismiss this original action.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).