Bx the Court.
 

 Counsel filing the present petition in this court admitted in oral argument that motions had been filed in the Court of Appeals to expunge and obliterate the three entries appearing on the journal of that court, which motions were overruled, and that no appeals from such overruling were attempted. Such an admission by counsel is binding on a party.
 

 Becapitulating, first, the petition alleges appeals were taken to this court to review the judgments which this proceeding in mandamus seeks to expunge and, second, no appeals were attempted from the overruling of the motions to expunge the three entries from the journal of the Court of Appeals.
 

 Where a plain and adequate remedy at law has been unsuccessfully invoked, the extraordinary writ of mandamus will not lie either to relitigate the same question or as a substitute for appeal.
 
 State, ex rel. Stanley,
 
 v.
 
 Cook, Supt.,
 
 146 Ohio St., 348, 66 N. E. (2d), 207, paragraphs 5 and 9 of the syllabus; 25 Ohio Jurisprudence, 1013, Section 34, and cases cited;
 
 State, ex
 
 
 *177
 

 rel. Dunphy,
 
 v.
 
 Graham, Judge,
 
 146 Ohio St., 547, 67 N. E. (2d), 321.
 

 A judgment rendered by an inferior court may not be collaterally attacked by a proceeding in mandamus. 23 Ohio Jurisprudence, 1146, Section 1003;
 
 State, ex rel. Walke,
 
 v.
 
 Industrial Commission,
 
 140 Ohio St., 311, 313, 43 N. E. (2d), 282;
 
 State, ex rel. Barner,
 
 v.
 
 Marsh, Clerk,
 
 121 Ohio St., 321, 168 N. E., 473.
 

 It may also be noted that the three corporations having been dissolved by judgments which are valid and unreversed, the named relators are not qualified to maintain the present proceeding in mandamus.
 

 The demurrer to the petition is sustained and writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.