THE STATE EX REL. NICHOLS, N.K.A. DELACEY, APPELLANT, *v.*
CUYAHOGA COUNTY BOARD OF MENTAL RETARDATION
AND DEVELOPMENTAL DISABILITIES, APPELLEE.

[Cite as *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities* (1995), 72 Ohio St.3d 205.]

(No. 94–1133—Submitted March 21, 1995—Decided May 17, 1995.)

*Barry L. Sweet* and *Judith M. Kowalski*, for appellant.

*Thompson, Hine & Flory, Gregory A. Jacobs, Carl H. Gluek* and *Mauritia G. Kamer*, for appellee.

*Per Curiam.*  In order to be entitled to a writ of mandamus, Nichols had to establish a clear legal right to reinstatement and damages, a corresponding clear legal duty on the part of appellee, and the absence of an adequate remedy in the ordinary course of law.  *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 633 N.E.2d 1128.

"[B]efore a writ of mandamus will issue to compel a classified employee's reinstatement or back pay, there must be a final determination made in an appeal from SPBR, a local civil service commission, or other quasi-judicial authority that the employee was 'wrongfully excluded from employment.' " *State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St.3d 470, 476, 605 N.E.2d 37, 41, and the cases cited therein. Prior to a determination of wrongful exclusion, mandamus does not lie. *Id.* at 477, 605 N.E.2d at 42.

Nichols concedes that the foregoing holding of *State ex rel. Weiss* applies but claims that her "mandamus action merely seeks to enforce the *Nichols I* judgment on the merits of her wrongful removal." However, *Nichols I* did not constitute a final determination that Nichols had been wrongfully excluded from her position as an occupational therapist for appellee. Instead, the court of appeals' determination in *Nichols I* was limited to disaffirming SPBR's conclusion that it lacked jurisdiction because Nichols had voluntarily resigned. On remand, SPBR relied upon a different rationale to determine it lacked jurisdiction, *i.e.*, the provision for final and binding arbitration in the collective bargaining agreement and R.C. 4117.10(A). R.C. 4117.10(A) provides that "[i]f the [collective bargaining] agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure." As the court of appeals held in *Nichols II* at 4, "SPBR's * * * ruling that appellant has waived her right to appeal the denial of said hearing is not a 'failure to carry into execution' our previous ruling * * *." Therefore, *Nichols I* does not support Nichols's claim for a writ of mandamus.

Additionally, although in *State ex rel. Schneider v. N. Olmsted City School Dist. Bd. of Edn.* (1992), 65 Ohio St.3d 348, 350, 603 N.E.2d 1024, 1025, and *State ex rel. Rose v. James* (1991), 57 Ohio St.3d 14, 565 N.E.2d 547, mandamus was recognized as appropriate to compel both reinstatement and back pay, these cases involved actions instituted following a final determination of wrongful exclusion. In *State ex rel. Schneider*, relator instituted a mandamus action following disaffirmance of termination in a civil service appeal, and *State ex rel. Rose* involved a mandamus action filed after a grievance hearing officer's reinstatement order.

The issues that were necessarily decided in Nichols's second SPBR appeal were the same issues raised in her subsequent mandamus action. In determining that SPBR correctly held that it lacked jurisdiction due to R.C. 4117.10(A), the provision in the collective bargaining agreement for final and binding arbitration

and Nichols's utilization of the arbitration remedy, the court of appeals in *Nichols II* rejected the same arguments raised by Nichols in her mandamus action.

Further, a writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of the law. *State ex rel. Gillivan v. Bd. of Tax Appeals* (1994), 70 Ohio St.3d 196, 199, 638 N.E.2d 74, 76; R.C. 2731.05. Appeal is inadequate only if it is not complete in its nature, beneficial and speedy. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119, 121. Mandamus is not available as a substitute for civil service appeals. *State ex rel. Weiss, supra,* 65 Ohio St.3d at 477, 605 N.E.2d at 42. The lack of authority to award back pay does not "warrant the conclusion that SPBR procedures are inadequate and may be bypassed." *Id.* at 476, 605 N.E.2d at 41. Nichols's claims either were or could have been raised in her arbitration proceeding, her appeal to SPBR, and/or her further civil service appeals to the common pleas court, court of appeals, and this court.

In *State ex rel. Schneider, supra,* 65 Ohio St.3d at 350, 603 N.E.2d at 1026, quoting *State ex rel. Cartmell v. Dorrian* (1984), 11 Ohio St.3d 177, 178, 11 OBR 491, 492, 464 N.E.2d 556, 558, we held:

" 'The fact that appellant failed to timely pursue his right of appeal does not make that remedy inadequate. If that were the case, this criterion for a writ of mandamus would be met whenever the opportunity to pursue another adequate remedy expired. Would-be appellants could thwart the appellate process simply by ignoring it.' "

Similarly, the fact that Nichols pursued her adequate remedies of arbitration and civil service appeals and failed to receive a favorable decision does not render those remedies inadequate. A contrary conclusion would allow grievants and appellants who do not prevail to circumvent these processes. "Where a plain and adequate remedy at law has been unsuccessfully invoked, the extraordinary writ of mandamus will not lie either to relitigate the same question or as a substitute for appeal." *State ex rel. Inland Properties Co. v. Court of Appeals of the Eighth Appellate Dist. of Ohio* (1949), 151 Ohio St. 174, 176, 39 O.O. 15, 16, 84 N.E.2d 922, 923; *State ex rel. Stanley v. Cook* (1946), 146 Ohio St. 348, 32 O.O. 419, 66 N.E.2d 207, paragraphs five and nine of the syllabus.

Since there was no final determination establishing Nichols's wrongful exclusion from employment, and Nichols possessed adequate remedies at law, the court of appeals properly denied the writ. *State ex rel. Weiss* and *State ex rel. Stanley, supra.* Therefore, based on the foregoing, any claimed error by the court of appeals in holding that *res judicata* barred Nichols's claims is harmless.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT and COOK, JJ., concur in part and dissent in part.

COOK, J., concurring in part and dissenting in part. The filing of this second mandamus action and the appeal to this court is plainly frivolous conduct for which I would award attorney fees as a sanction.

WRIGHT, J., concurs in the foregoing opinion.