DECISION
{¶ 1} Relator, Harry C. Turner, III, has filed an original action requesting that this court issue a writ of mandamus ordering respondent, State Personnel Board of Review ("SPBR"), to reopen its investigation regarding relator's job transfer. Alternatively, relator *Page 2 
requests a writ ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to vacate relator's transfer and to return him to his former position.
 {¶ 2} In November of 2006, relator filed a request with the SPBR for an investigation, pursuant to R.C. 124.56, regarding relator's voluntary transfer from Trumbull Correctional Institution ("TCI") to the Ohio State Penitentiary ("OSP"). On February 27, 2007, a hearing officer for the SPBR filed a report and recommendation, which included the following factual findings.
 {¶ 3} In 2000, OSP established a new position with the working title of Administrative Assistant, and classified as Administrative Assistant 2. Diana Carter ("Carter") was assigned to that position at OSP from December 3, 2000 until February 19, 2006. In February 2006, relator held the position of Cashier Supervisor at TCI.
 {¶ 4} On February 2, 2006, relator sent an e-mail to the deputy warden of TCI, discussing his dissatisfaction with his position as Cashier Supervisor, as well as dissatisfaction with the work of his subordinates. Relator expressed a desire to change positions and to be considered for promotion during his absence on military leave.
 {¶ 5} On February 3, 2006, the warden of TCI telephoned relator to discuss the matter, and several options were proposed, including the option of relator transferring to an Administrative Assistant 2 position at OSP. On February 7, 2006, relator signed a statement agreeing to a voluntary transfer to that position at OSP. Relator agreed to the transfer without determining the job duties he would be performing in that position.
 {¶ 6} The effective date of relator's voluntary transfer from his position at TCI to the position at OSP was February 19, 2006; relator, however, did not immediately begin working at OSP due to his activation in the United States Navy. On September 29, 2006, *Page 3 
relator was honorably discharged from the United States Navy, and he subsequently provided OSP with written notice requesting to be reinstated to the position of Administrative Assistant 2 at OSP. Effective October 15, 2006, relator was reinstated to his Administrative Assistant 2 position.
 {¶ 7} On November 2, 2006, relator filed a request for investigation, pursuant to R.C. 124.56, contending that respondents had engaged in a conspiracy to fraudulently induce him to transfer to the Administrative Assistant 2 position. He further asserted that the position was a "ghost position" on paper, and that his transfer was not in compliance with provisions of R.C. Chapter 124.
 {¶ 8} Following a review, the hearing examiner concluded that: (1) relator's transfer was voluntary, and, therefore, not in violation of R.C. 124.32(B); (2) the evidence did not indicate the Administrative Assistant 2 position was a "ghost position"; and (3) OSP's decision to fill the Administrative Assistant 2 position through a transfer did not violate R.C. Chapter 124. The hearing examiner therefore recommended that relator's request for an investigation be terminated.
 {¶ 9} On March 14, 2007, relator filed objections to the hearing examiner's report and recommendation. By order dated May 9, 2007, the SPBR adopted the recommendation of the hearing examiner and ordered relator's request for an investigation to be terminated under R.C.124.56.
 {¶ 10} In addition to his request for investigation, relator filed three appeals with the SPBR relating to his transfer. Specifically, relator filed a reclassification civil service appeal and a reduction civil service appeal with the agency in October 2006, and he filed a miscellaneous civil service appeal in November 2006. Relator also filed a petition for a *Page 4 
writ of mandamus with the Ohio Supreme Court in December of 2006, and a complaint with the Ohio Court of Claims in January of 2007.
 {¶ 11} On October 25, 2007, relator initiated the instant original action with this court. On November 19, 2007, ODRC filed a motion for summary judgment, and the SPBR filed a motion to dismiss on November 26, 2007. This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued an order indicating that respondents' motions would be treated as motions for summary judgment, and the matter was placed on the motion docket.
 {¶ 12} On December 27, 2007, the magistrate issued a decision, including findings of fact and conclusions of law, recommending that summary judgment be granted in favor of respondents, and that relator's action be dismissed. (Attached as Appendix A.) Relator has filed objections to the magistrate's decision, asserting that the magistrate's findings of fact are not supported by the evidence, and that the magistrate erred in determining that respondents were entitled to summary judgment as a matter of law.
 {¶ 13} In order to be entitled to a writ of mandamus, a relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) that respondent has a clear legal duty to perform the acts; and (3) that relator has no plain and adequate remedy in the ordinary course of law.State ex rel. Manson v. Morris (1993), 66 Ohio St.3d 440, 441.
 {¶ 14} A motion for summary judgment will be granted in favor of the moving party "`when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and it appears from the evidence, construed most strongly in favor of the nonmoving party, that *Page 5 
reasonable minds could only conclude in favor of the moving party.'"Sinnott v. Aqua-Chem, Inc., 116 Ohio St.3d 158, 2007-Ohio-5584, at ¶ 29, quoting Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686-687.
 {¶ 15} The powers and duties of the SPBR are set forth in R.C. 124.03, and R.C. 124.03(A)(1) states in part that the SPBR shall:
 Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification, or refusal of the director, or anybody authorized to perform the director's functions, to reassign an employee to another classification or to reclassify the employee's position with or without a job audit under division (D) of section 124.14 of the Revised Code. As used in this division, "discharge" includes disability separations.
 The board may affirm, disaffirm, or modify the decisions of the appointing authorities or the director, as the case may be, and its decision is final. * * *
 {¶ 16} R.C. 124.56 states in part as follows:
 When the state personnel board of review * * * has reason to believe that any officer, board, commission, head of a department, or person having the power of appointment, layoff, suspension, or removal, has abused such power by making an appointment, layoff, reduction, suspension, or removal of an employee under his or their jurisdiction in violation of this chapter of the Revised Code, the board or commission shall make an investigation, and if it finds that a violation of this chapter, or the intent and spirit of this chapter has occurred, it shall make a report to the governor, * * * who may remove forthwith such guilty officer, board, commission, head of department, or person. The officer or employee shall first be given an opportunity to be publicly heard in person or by counsel in his own defense. The action of removal by the governor * * * is final except as otherwise provided in this chapter of the Revised Code. *Page 6 
 {¶ 17} In the present case, the magistrate noted that, pursuant to R.C. 124.56, relator was entitled to an investigation, and that the SPBR conducted such an investigation. The magistrate found that nothing in the statutory framework requires the SBPR to find a violation based upon an investigation, and that the only remedy provided under the statute is a report to the appropriate authority. The magistrate concluded that, because relator is not entitled to be returned to his former position of employment following an investigation, which is the remedy requested, he has not shown a right to relief. The magistrate further concluded that relator had an adequate remedy by way of civil service appeals. We agree.
 {¶ 18} In State ex rel. Carver v. Hull (1994), 70 Ohio St.3d 570, 575, the Ohio Supreme Court construed R.C. 124.56 to find that the statute "provides for a general finding of official abuse and a recommendation for removal," but that it "says nothing about an adjudication of individual employee rights, much less an employee appeal." In so holding, the Supreme Court agreed with the reasoning of this court's decision in Singh v. State (1982), 7 Ohio App.3d 269.
 {¶ 19} In Singh, at 270, this court held in pertinent part:
 R.C. 124.56 makes no provision for the rights of a complainant so far as an investigation for violation of R.C. Chapter 124 is concerned, or of the standing of a complainant for appeal in the event that he is dissatisfied with the results of the investigation. R.C. 124.56 provides for an investigation in the event the board has reason to believe that a head of a department has abused his power of appointment, layoff, reduction, suspension or removal of an employee under his jurisdiction.
 {¶ 20} This court has consistently followed Singh in subsequent decisions. See In re Howard (1991), 73 Ohio App.3d 717, 720 (applyingSingh in holding complainant who *Page 7 
initiates an investigation under R.C. 124.56 has no right to be heard and no right of appeal); Ketron v. Ohio Dept. of Transp. (1991),61 Ohio App.3d 657, 661 ("a complainant has no standing to appeal the results of a requested investigation for alleged abuse of promotion under R.C. 124.56"); Crews v. Ohio Dept. of Indus. Relations (Oct. 13, 1992), Franklin App. No. 92AP-779 ("the laws of Ohio do not give us the right to decide whether a decision to terminate an investigation [pursuant to R.C. 124.56] is correct or incorrect").
 {¶ 21} To the extent relator requests this court to "overrule" the decision in Carver, supra, we are without authority to do so. SeeGehad Mandi, Inc. v. Ohio State Liquor Control Comm., Franklin App. No. 05AP-1181, 2006-Ohio-3081, at ¶ 7 (an intermediate appellate court is "bound by, and must follow and apply, the decisions of the Ohio Supreme Court," and, therefore, an appellate court "has no authority to modify, and much less to overrule, any decision of the Ohio Supreme Court").
 {¶ 22} Here, following an investigation under R.C. 124.56, the board adopted the hearing examiner's recommendation that the investigation be terminated. We agree with the magistrate that nothing in the statutory framework requires the SPBR to find a violation, and that relator is not entitled to a return to his position following an investigation. Therefore, relator has not shown a right to the relief requested.
 {¶ 23} We further agree with the magistrate that relator has an adequate remedy at law by way of the administrative appeal process. Under Ohio law, an appeal to the SPBR by a classified civil servant seeking reinstatement is an adequate remedy at law which will preclude the issuance of a writ of mandamus. State ex rel. Copen v. Kaley (Feb. 4, 2000), Portage App. No. 99-P-0041. Further, the fact that relator had adequate *Page 8 
remedies by way of civil service appeals "and failed to receive a favorable decision does not render those remedies inadequate." State exrel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation Dev.Disabilities (1995), 72 Ohio St.3d 205, 209. Rather, "`[w]here a plain and adequate remedy at law has been unsuccessfully invoked, the extraordinary writ of mandamus will not lie either to relitigate the same question or as a substitute for appeal.'" Id., quoting State exrel. Inland Properties Co. v. Court of Appeals of the Eighth AppellateDist. of Ohio (1949), 151 Ohio St. 174, 176.
 {¶ 24} Accordingly, we conclude the magistrate properly determined that summary judgment should be rendered in favor of respondents, and that relator's request for a writ of mandamus should be denied.
 {¶ 25} Based upon the foregoing, relator's objections to the magistrate's decision are overruled, respondents' motion for summary judgment is granted, and the requested writ of mandamus is denied.
Objections overruled; motion for summary judgment granted; and writ ofmandamus denied.
 McGRATH, P.J., and TYACK, J., concur. *Page 9 
 APPENDIX A MAGISTRATE'S DECISION Rendered December 27, 2007 IN MANDAMUS ON MOTIONS TO DISMISS {¶ 26} Relator, Harry C. Turner, III, has filed this original action requesting that this court issue a writ of mandamus ordering respondents State Personnel Board of Review *Page 10 
("SPBR") and Ohio Department of Rehabilitation and Correction ("ODRC") to vacate relator's transfer and to return him to his former job, asserting that SPBR abused its discretion when it terminated its investigation concerning allegations relator had made regarding his transfer.
Findings of Fact: {¶ 27} 1. In November 2006, relator filed a request for an investigation with SPBR regarding his transfer from Trumbull Correctional Institution to The Ohio State Penitentiary ("OSP"), pursuant to R.C. 124.56. Relator alleged that he was fraudulently induced to accept the transfer, the transfer did not comply with R.C.124.32(B), the new position was a "ghost position" which did not really exist, and his employer violated Chapter 124. of the Ohio Revised Code by failing to allow all citizens of the United States to apply for the new position.
 {¶ 28} 2. Relator acknowledges that, in addition to the request for investigation, he filed three appeals with SPBR all relating to his transfer. Relator filed a reclassification civil service appeal and a reduction civil service appeal with SPBR in October 2006. Relator also filed a miscellaneous civil service appeal with SPBR in November 2006. Relator also filed a petition for a writ of mandamus with the Supreme Court of Ohio in December 2006 and a complaint with the Ohio Court of Claims in January 2007.
 {¶ 29} 3. With regard to his request for investigation, which is the subject matter of this mandamus action, the record indicates that a hearing officer for SPBR issued a report and recommendation on February 27, 2007. The hearing officer set out the substance of relator's request for investigation as follows: *Page 11 
 [Relator] alleges the following: 1) [Respondents] abused their powers of appointment by engaging in a conspiracy to fraudulently induce [Relator] to transfer to the Administrative Assistant 2 position at OSP; 2) [Relator's] transfer to the Administrative Assistant 2 position was not in compliance with O.R.C. 124.32(B); 3) the Administrative Assistant 2 is a "ghost position" on paper, therefore, he was appointed to a position that was not viable under O.R.C. 124.321; and 4) [Respondents] violated Chapter 124. of the Ohio Revised Code by not allowing all citizens of the United States to apply for the Administrative Assistant 2 position at OSP.
 {¶ 30} The hearing officer made the following conclusions: (1) relator initiated the process that led to his transfer in February 2006 when he sent an email to the Deputy Warden of Administration at Trumbull Correctional Institution expressing his dissatisfaction with his current position, his dissatisfaction with his subordinates, and his desire to change positions and requested that he be considered for a promotion during his absence on military leave; relator was provided two options, a transfer to the Administrative Assistant 2 position at OSP or become a compliance officer; (2) on February 7, 2006, relator signed a letter agreeing to a voluntary transfer to the Administrative Assistant 2 position at OSP; (3) relator agreed to the transfer without first determining the job duties he would be performing in that new position; (4) the effective date of relator's transfer was February 19, 2006; (5) from February 21 to March 3, 2006, relator was on approved leave and never worked at OSP prior to his activation in the United States Navy; (6) on September 29, 2006, relator was honorably discharged and immediately provided written notice requesting that he be reinstated to his position of Administrative Assistant 2 pursuant to R.C. 124.29 and Ohio Adm. Code 123:1-34-05(B); and (7) relator was reinstated to the Administrative Assistant 2 position at OSP on October 15, 2006. *Page 12 
 {¶ 31} Relator filed several motions pertaining to the investigation with SPBR. One of those motions requested that his request for reconsideration be consolidated with his other three appeals. The hearing officer denied this motion in a procedural order dated January 10, 2007.
 {¶ 32} The hearing officer recommended that relator's request for an investigation be terminated for the following reasons: (1) relator's reduction appeal will resolve all the relevant issues raised in his request for investigation; (2) relator was not fraudulently induced to transfer and the actions of the respondents did not constitute an abuse of their powers of employment; (3) relator's transfer was voluntary and, as such, was not in violation of R.C. 124.32(B); (4) the Administrative Assistant 2 position at OSP is not a "ghost position" as relator alleges — instead, the former employee in that position performed a variety of duties and the job description itself describes a range of duties that may be performed by any employee assigned to that position; and (5) OSP's decision to fill the position through a transfer did not violate Chapter 124. of the Ohio Revised Code.
 {¶ 33} 4. Thereafter, relator filed the instant mandamus action in this court raising the identical issues which he raised in his request for an investigation and which were determined by the hearing officer.
 {¶ 34} 5. Counsel for SPBR filed a motion to dismiss and counsel for ODRC filed a motion for summary judgment in November 2007.
 {¶ 35} 6. The magistrate issued an order indicating that both motions would be treated as motions for summary judgment and the matter was placed on the motion docket.
 {¶ 36} 7. The matter is currently before the magistrate for determination. *Page 13 
Conclusions of Law: {¶ 37} For the reasons that follow, it is this magistrate's opinion that this court should grant respondents' motions for summary judgment.
 {¶ 38} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 39} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 40} R.C. 124.56 pertains to investigations and provides as follows:
 When the state personnel board of review * * * has reason to believe that any officer, board, commission, head of a department, or person having the power of appointment, layoff, suspension, or removal, has abused such power by making an appointment, layoff, reduction, suspension, or *Page 14 
removal of an employee under his or their jurisdiction in violation of this chapter of the Revised Code, the board * * * shall make an investigation, and if it finds that a violation of this chapter, or the intent and spirit of this chapter has occurred, it shall make a report to the governor[.] * * * The officer or employee shall first be given an opportunity to be publicly heard in person or by counsel in his own defense.
 * * *
Ohio Adm. Code 124-1-03(F) supplements R.C. 124.56 as follows:
 Investigation requests shall be filed, in writing, within six months of knowledge of the alleged violations of Chapter 124. of the Revised Code. This time period may be extended within the discretion of the board where the violation is ongoing or there is a pattern of violation over an extended period of time.
Further, R.C. 124.03 sets forth SPBR's jurisdiction as follows:
 The state personnel board of review shall exercise the following powers and perform the following duties:
 (A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification, or refusal of the director, or anybody authorized to perform the director's functions, to reassign an employee to another classification or to reclassify the employee's position with or without a job audit under division (D) of section 124.14 of the Revised Code. * * * The board may affirm, disaffirm, or modify the decisions of the appointing authorities or the director, as the case may be, and its decision is final. * * *
 {¶ 41} As indicated in the findings of fact, relator has filed three civil service appeals, all of which raise the issues which relator raised in his request for investigation. Pursuant to R.C. 124.56, relator was entitled to an investigation after he requested one. SPBR did conduct an investigation. Nothing in the statutory framework requires that *Page 15 
SPBR find that a violation occurred. Further, even if SPBR had found a violation, the only remedy permitted by law is a report to the appropriate authority. Relator is not entitled to be returned to his former position of employment following the investigation, which is the remedy he has requested in the present case.
 {¶ 42} Further, relator has a plain and adequate remedy at law by way of the filing of a civil service appeal. In the present case, relator has availed himself of that avenue and, after a decision is made, relator has the option of challenging those decisions. As stated previously, relator's appeals raise the identical issues which he raised in his request for an investigation.
 {¶ 43} For all the foregoing reasons, it is this magistrate's conclusion that respondents are entitled to judgment in their favor and this court should grant summary judgment in favor of respondents and relator's action should be dismissed. *Page 1