[Cite as *State Employment Relations Bd. v. Youngstown*, 2021-Ohio-4552.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE EMPLOYMENT RELATIONS BOARD,

Plaintiff-Appellee,

v.

CITY OF YOUNGSTOWN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0060**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 19 CV 2557

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Ryan Lemmerbrock*, and *Atty. Brooks Boron,* Muskovitz & Lemmerbrock LLC., 1621 Euclid Avenue, Suite 1750, Cleveland, Ohio 44115, for Plaintiff-Appellee and

*Atty. Jeffrey Moliterno*, 26 S. Phelps Street, 4th Floor, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated
December 13, 2021

---

**Donofrio, J.**

{¶1}     Defendant-appellant, the City of Youngstown, appeals from a Mahoning County Common Pleas Court judgment finding it to be in contempt of court.

{¶2}     The background to this case began with intervenor-appellee, the Youngstown Professional Firefighters, IAFF, Local 312 (the Union), filing an unfair labor practice complaint against the City with plaintiff-appellee, the State Employment Relations Board (SERB), on September 3, 2019.  On October 31, 2019, SERB found probable cause of an unfair labor practice.  In November 2019, the City passed Ordinance 19-336, which acted to abolish the number of Youngstown Fire Department Battalion Chief positions[1] through attrition.

{¶3}     On December 18, 2019, SERB filed a petition for immediate injunctive relief against the City.  SERB sought an order reinstating the "contractual status quo" that existed between the City and the Union.  More specifically, SERB asked the court for an order enjoining the City from eliminating three Battalion Chief positions.  The Union filed a motion to intervene, which the trial court granted.

{¶4}     On January 21, 2020, the trial court granted SERB's petition for immediate injunctive relief against the City.  The court ordered the City to maintain the status quo that existed prior to passage of the ordinance eliminating three Battalion Chief positions pending the resolution before  SERB on the unfair labor practice charge.

{¶5}     On January 27, 2020, the Union filed a motion for the City to appear and show cause as to why it should not be held in contempt of court for failing to abide by the trial court's January 21 order.  The next day, the City filed a motion for clarification of the January 21 order, which the trial court denied.

{¶6}     On March 2, 2020, a magistrate held a hearing on the Union's motion to show cause.[2]  The magistrate found the City in contempt.  To purge the contempt, the

---

1 At the time this case commenced, there were six Battalion Chief positions in the Youngstown Fire Department.  The Battalion Chief is the highest-ranking position in the fire department.  The ordinance purports to abolish three of these positions.
2 Meanwhile, on February 12, 2020, a hearing commenced before an administrative law judge (ALJ) on the Union's complaint.  The ALJ issued a proposed order recommending that SERB find that the City violated

magistrate ordered the City to promote a qualified candidate to the vacant Battalion Chief position by April 15, 2020. Additionally, the magistrate stated that if the City failed to promote a qualified candidate to the position, it would determine any fines and costs to impose and would issue any further orders needed. The City filed objections.

**{¶7}** On June 9, 2020, the trial court overruled the City's objections, adopted the magistrate's decision in whole, and entered judgment accordingly. The City filed a timely notice of appeal that same day. The Union motioned this court to dismiss the appeal for lack of a final appealable order. But we overruled the motion, finding the trial court's June 9, 2020 order to be a final appealable order. The City now raises two assignments of error.

**{¶8}** The City's first assignment of error states:

SERB HAS RULED AND TRO IS NO LONGER EFFECTIVE.

**{¶9}** The City argues that the basis for the injunction has passed and the trial court should no longer hold the City in contempt. It asserts that when compliance with a contempt order becomes moot, the contempt proceeding is also moot. The City contends that when SERB issued its final adjudication, on June 11, 2020, the trial court lost jurisdiction to enforce its temporary relief because SERB's order replaced the court's injunction.

**{¶10}** An appellate court reviews a trial court's finding of contempt for abuse of discretion. *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (1981). Abuse of discretion connotes more than an error in judgment; it implies the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶11}** The City relies on R.C. 4117.12(C), which provides:

---

R.C. 4117.11(A)(1). SERB adopted the ALJ's proposed order on June 11, 2020. The City immediately sought and received a stay of SERB's order. The City filed an appeal with the common pleas court. On February 25, 2021, the common pleas court affirmed SERB's decision, finding that the City violated R.C. 4117.11(A)(1) by threatening and subsequently eliminating Battalion Chief positions in retaliation for the Union bringing a grievance to arbitration. The City filed an appeal with this court (City of *Youngstown v. State Employment Relations Board, et al.*, 7th Dist. Mahoning No. 21-MA-0023).

Whenever a complaint alleges that a person has engaged in an unfair labor practice and that the complainant will suffer substantial and irreparable injury if not granted temporary relief, the board may petition the court of common pleas for any county wherein the alleged unfair labor practice in question occurs, or wherein any person charged with the commission of any unfair labor practice resides or transacts business for appropriate injunctive relief, *pending the final adjudication by the board with respect to the matter*. Upon the filing of any petition, the court shall cause notice thereof to be served upon the parties, and thereupon has jurisdiction to grant the temporary relief or restraining order it considers just and proper.

(Emphasis added).

{¶12} The trial court's January 21, 2020 judgment entry granting injunctive relief states: "Defendant City of Youngstown is enjoined from eliminating the three (3) Fire Department Battalion Chief positions until the State Employment Relations Board issues a final order in State Employment Relations Board Case No. 2019-ULP-09-0178." Thus, the trial court followed its authority under the statute in issuing the injunction.

{¶13} But this is not the issue here. In this case, the City is appealing from the trial court's June 9, 2020, judgment, which overruled its objections, adopted the magistrate's decision, and entered judgment finding the City to be in contempt of the court's January 21, 2020 order. The City filed its notice of appeal the same day, June 9, 2020. Anything that occurred after that time is irrelevant to this appeal. Thus, the fact that SERB issued a final order on June 11, has no bearing on whether the trial court abused its discretion on June 9 when it found the City was in contempt.

{¶14} Accordingly, the City's first assignment of error is without merit and is overruled.

{¶15} The City's second assignment of error states:

THE COMMON PLEAS COURT ERRED IN ISSUING THE INJUNCTIVE RELIEF.

Case No. 20 MA 0060

**{¶16}** Here the City contends the trial court should have never issued the injunction on January 21, 2020. It claims the court abused its discretion by exceeding the scope of the injunctive relief available and exceeding its authority. The City argues that it was SERB who sought the injunctive relief for the Union, which it was not statutorily authorized to do because it was not the party who would suffer harm.

**{¶17}** A close reading of the statute, however, reveals that it does give SERB the ability to seek injunctive relief. Regardless, as stated above, the limited issue in this case is whether the trial court abused its discretion in finding the City in contempt on June 9, 2020. SERB sought, and the trial court granted, an order that the City maintain the status quo that existed prior to the City's passage of Ordinance 19-336, which purported to abolish three Battalion Chief positions by attrition pending SERB's resolution of the Union's unfair labor practices charge. The goal of a preliminary injunction is to preserve the status quo pending final determination of the matter. *Deyerle v. City of Perrysburg*, 6th Dist. Wood No. WD-03-063, 2004-Ohio-4273, ¶ 15.

**{¶18}** As was the case in appellant's first assignment of error, the City cannot point to any evidence in the record that the trial court abused its discretion in finding the City in contempt of its previous order on June 9, 2020.

**{¶19}** Accordingly, the City's second assignment of error is without merit and is overruled.

**{¶20}** For the reasons stated above, the trial court's judgment is hereby affirmed.


Waite, J., concurs.

D'Apolito, J., concurs.


Case No. 20 MA 0060

[Cite as *State Employment Relations Bd. v. Youngstown*, 2021-Ohio-4552.]

———————————

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**