[Cite as *State ex rel. Casey v. Brown*, 2022-Ohio-2843.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

THE STATE OF OHIO, EX REL. JOHN M. CASEY ET AL.,

Relators,

v.

JAMAEL TITO BROWN ET AL.,

Respondents.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0003**

---

Writ of Mandamus

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Dismissed

---

*Atty. S. David Worhatch*, Law Offices of S. David Worhatch, 4920 Darrow Road, Stow, Ohio 44224, for Relators and

*Atty. Daniel P. Dascenzo,* Deputy Law Director, City of Youngstown, 26 South Phelps Street, Fourth Floor, Youngstown, Ohio 44503, for Respondents.

Dated:
August 11, 2022

**Donofrio, P.J.**

{¶1}    This is an original action for a writ of mandamus to compel Respondents, City of Youngstown Mayor Jamael Tito Brown and Fire Chief Barry F. Finley, to promote and appoint Relator, Captain John M. Casey, to the purported vacant position of Battalion Chief, along with an order directing Respondent, Finance Director Kyle Miasek, to compensate him for all back pay, benefits, attorney fees, and costs.  Casey brings this action as a taxpayer action on behalf of Relator, City of Youngstown, under R.C. 733.59 (Suit by taxpayer).  Respondents have filed a Motion to Dismiss Relator's Amended Verified Complaint Per Civil Rule 12(B) and Objections to Petition for Writ of Mandamus.  Relator has filed a Brief in Opposition to Respondents' Motion to Dismiss Amended Verified Complaint and Objections to Petition for Writ of Mandamus.  Because Casey's claim is governed by a collective bargaining agreement containing a grievance and arbitration procedure which provides an adequate remedy at law, the writ is denied.

## STATEMENT OF THE CASE

{¶2}    This case implicates the Ohio Public Employees Collective Bargaining Act, codified in Ohio Revised Code Chapter 4117.  The City of Youngstown is a municipality and a political subdivision of the State of Ohio, and a "public employer" as defined under the Act. R.C. 4117.01(B).  The comprehensive Act governs union representation, rights of labor and management, the duty to bargain, scope of bargaining and the bargaining process, collective bargaining agreements, dispute resolution, strikes, and unfair labor practices.  Casey is a member of the Youngstown Professional Firefighters, IAFF, Local 312 (the Union).

{¶3}    The Union is an "employee organization" for purposes of the Act, R.C. 4117.01(D), and the exclusive bargaining representative for all of the City's employee-firefighters except for the Fire Chief.  Casey did not make the Union a party to this action and is represented by his own privately-retained counsel.  The City and the Union are parties to a collective bargaining agreement (CBA) which governs Casey's employment

in the Fire Department of the City. The CBA provides a four-step grievance and arbitration process that culminates in final and binding arbitration.

**{¶4}** Casey's grievance is one of a series of grievances in recent years involving the City, the Union, and its members. In January 2019, the Union filed a grievance, unrelated to Casey individually, against the City alleging it failed to provide necessary safety equipment. To offset the cost of the equipment, the City had passed an ordinance eliminating three fire Battalion Chief positions through attrition based on the pretext of a restructuring plan. The Union filed an unfair labor practice charge against the City with the State Employment Relations Board (SERB), the state agency responsible for administration and enforcement of the Act.

**{¶5}** Following a determination that probable cause existed to believe the City violated the Act, SERB sought and obtained immediate injunctive relief against the City in the Mahoning County Court of Common Pleas under R.C. 4117.12(C). *State Emp. Relations Bd. v. Youngstown*, Mahoning C.P. No. 2019 CV 02557 (Jan. 21, 2020). The court ordered the City to maintain the status quo that existed prior to passage of the ordinance eliminating the three Battalion Chief positions pending the resolution before SERB on the unfair labor practice charge. The court subsequently found the City in contempt and it appealed the contempt order to this Court in *State Emp. Relations Bd. v. Youngstown*, 7th Dist. Mahoning No. 20 MA 0060, 2021-Ohio-4552.

**{¶6}** Meanwhile, SERB concluded that the City committed an unfair labor practice by threatening to eliminate and subsequently eliminating three Battalion Chief positions in retaliation against the Union for pursuing the safety equipment grievance to arbitration. SERB further specified the following in its Order:

> [The City] is ordered to:

> (2) Further effectuating Ordinance 19-336, which abolishes three Battalion Chief positions upon their vacancy through attrition; since this Ordinance, as applied, violates the rights of [the Union] set forth in Section 4117.03(A) of the Ohio Revised Code.

> B. TAKE THE FOLLOWING AFFIRMATIVE ACTION:

(1) Post for sixty (60) consecutive calendar days in all the usual and customary posting locations where bargaining-unit employees represented by [the Union] work, the Notice to Employees furnished by [SERB] stating that [the City] shall cease and desist from the actions set forth in paragraph (A) and shall take the affirmative action set forth in paragraph (B);

(2) Reconstitute the Battalion Chief position abolished on or about December 7, 2019 and re-assign the current Fire Captain who encumbered that position on or about December 7, 2019 to re-encumber the re-constituted Battalion Chief position.

(3) Provide the former Fire Captain, who is newly re-assigned to that Battalion Chief position, with all pertinent back pay, benefits, and all other pertinent emoluments the Fire Captain would have enjoyed, had he been allowed to encumber the Battalion Chief position without interruption from his approximate December 6, 2019 appointment thereto; and

(4) Notify [SERB] in writing with 20 calendar days from the date the ORDER becomes final of the steps that have been taken to comply therewith.

*In re City of Youngstown*, SERB No. 2020-001, p. 2-3 (June 11, 2020).

{¶7} The City filed an administrative appeal of SERB's decision with the Mahoning County Court of Common Pleas which affirmed the decision. *Youngstown v. State Emp. Relations Bd.*, Mahoning C.P. 2020 CV 01040 (Fed. 25, 2021). The City then appealed to this Court in *Youngstown v. State Emp. Relations Bd.*, 2021-Ohio-4591, 182 N.E.3d 43 (7th Dist.).

{¶8} While the appeals of the Mahoning County Court of Common Pleas' contempt order and decision affirming SERB's decision were pending in this Court, Casey alleges one of the Fire Department's Battalion Chiefs retired, creating a vacancy. (3/23/22 Amended Verified Complaint and Petition for Relief in Mandamus, ¶ 13.) According to him, the City's Civil Service Commission administered a promotional examination in response to the anticipated vacancy created by the retirement. Casey took the examination and the Commission issued an eligibility list on October 5, 2021, indicating

that he "finished on the top of the eligibility list." (3/23/22 Amended Verified Complaint and Petition for Relief in Mandamus, ¶ 14.)

**{¶9}** On October 13, 2021, Casey states he asked the Fire Chief about the time table for promotion and the Fire Chief informed him that the City did not intend to promote anyone to fill the vacancy. (3/23/22 Amended Verified Complaint and Petition for Relief in Mandamus, ¶ 16.)

**{¶10}** On October 26, 2021, Casey filed a grievance against the City because of its stated intention, as communicated by the Fire Chief, that it did not intend to promote anyone to fill the alleged Battalion Chief vacancy. (1/14/22 Verified Complaint and Petition for Relief in Mandamus, Exhibit A, Grievance No. 21-007). In his grievance, Casey alleged that constituted a violation of the CBA, quoting from Article 13, Section 1, as follows: "After the list has been certified to the appointing authority, the employee ranking highest on the applicable list shall be appointed within fourteen (14) days." The grievance also references the Mahoning County Court of Common Pleas' contempt order and decision affirming SERB's decision.

**{¶11}** Pursuant to the grievance procedure set forth in Article 10, Section 4 of the CBA, the City, through the Mayor's designee, issued a written decision on the grievance on December 10, 2021. The City agreed to stay proceedings at Step 3 of Casey's grievance process and to toll the running of the time allowed to take such grievance to arbitration "until a supplemental Mayor's Designee Decision is issued in accordance with the orders of the Seventh District Appellate Court."

**{¶12}** On December 13, 2021, this Court affirmed both the Mahoning County Court of Common Pleas' contempt order and decision affirming SERB's decision. *State Emp. Relations Bd. v. Youngstown*, 7th Dist. Mahoning No. 20 MA 0060, 2021-Ohio-4552; *Youngstown v. State Emp. Relations Bd.*, 2021-Ohio-4591, 182 N.E.3d 43 (7th Dist.). The City did not further appeal either decision and the time for doing so has elapsed.

**{¶13}** In response to the issuance of those appellate decisions, Casey states he met with union officials about advancing his grievance to arbitration. At the meeting, Casey learned that when he filed his grievance another union member had a grievance pending related to the promotional examination for which he sat. In that grievance, the

arbitrator determined the union member should have been allowed to sit for the promotional examination and ordered the City to offer a remedy that would allow that member to qualify for possible promotion by sitting for a promotional examination. The Union advocated as a remedy sought in adjustment of that member's grievance, the decertification of the Commission's October 5, 2021 eligibility list for promotion to the rank of Battalion Chief and to order the City to administer a new promotional examination before any promotions are ordered. The President of the Union recommended Casey hire his own attorney because the Union could not commit to advancing his grievance to arbitration given the decision the arbitrator issued in regard to the other member's grievance.

**{¶14}** On February 2, 2022, the City, through the Mayor's Designee, rejected Casey's grievance. (3/23/22 Amended Verified Complaint and Petition for Relief in Mandamus, ¶ 25.) According to Casey, the Union informed him that it would not seek arbitration of the decision at Step 3. *Id.* The CBA provides that arbitration of a grievance is conditioned upon approval by the President of the Union. (1/14/22 Verified Complaint and Petition for Relief in Mandamus, Exhibit C, Article 10, Section 4, Step 4.)

**{¶15}** Casey then initiated this original action in mandamus with the filing of his Verified Complaint and Petition for Relief in Mandamus on January 14, 2022. Respondents followed with a Motion to Dismiss Relator's Verified Complaint Per Civil Rule 12(B)(6) and Objections to Petition for Writ of Mandamus. On March 23, 2022, Casey filed a timely Amended Verified Complaint and Petition for Relief in Mandamus. Civ.R. 15(A). Respondents again filed a Motion to Dismiss Relator's Amended Verified Complaint Per Civil Rule 12(B) and Objections to Petition for Writ of Mandamus, this time April 4, 2022. Casey followed with a Brief in Opposition to Respondents' Motion to Dismiss Amended Verified Complaint and Objections to Petition for Writ of Mandamus filed on April 28, 2022.

**{¶16}** In order to be entitled to a writ of mandamus, the relator must demonstrate the following: (1) they have a clear legal right to the relief, (2) the respondent has a clear legal duty to provide that relief, and (3) they have no adequate remedy at law. *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections*, 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12. Mandamus is an "extraordinary remedy."

*State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 18. It is a remedy that must be exercised "with great caution and discretion," *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977), and issued only when the right is clear. *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections*, 142 Ohio St.3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11.

## STANDARD OF REVIEW

{¶17}    A motion to dismiss a complaint for a writ of mandamus should be granted if it appears beyond doubt that, after presuming the truth of all material factual allegations in the complaint and drawing all reasonable inferences in the relator's favor, the relator is not entitled to the requested extraordinary relief. *State ex rel. Sapp v. Franklin Cty. Court of Appeals,* 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 13; *State ex rel. Scott v. Cleveland,* 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14.

{¶18}    As indicated earlier, the Ohio Public Employees Collective Bargaining Act, codified in Ohio Revised Code Chapter 4117, sets forth a comprehensive framework "for the resolution of public-sector labor disputes by creating a series of new rights and setting forth specific procedures and remedies for the vindication of those rights." *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police Capital City Lodge No. 9*, 59 Ohio St.3d 167, 169, 572 N.E.2d 87 (1991). The chapter was "meant to regulate in a comprehensive manner the labor relations between public employees and employers." *Id.* at 171, 572 N.E.2d 87.

{¶19}    If the parties have entered into a CBA pursuant to R.C. Chapter 4117 that provides for a grievance procedure culminating in final and binding arbitration, the claimant's exclusive remedy is to file a grievance in accordance with the CBA. R.C. 4117.10(A) (providing that if an agreement between a public employer and an exclusive representative governing the wages, hours, and terms and conditions of public employment "provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure"). The provisions of a CBA entered into pursuant to R.C. Chapter 4117 "prevail over conflicting laws, including municipal home-rule charters enacted pursuant to Section 7, Article XVIII of the Ohio Constitution, except for laws specifically exempted by

R.C. 4117.10(A)." *Mayfield Heights Fire Fighters Assn. Local 1500 v. DeJohn*, 87 Ohio App.3d 358, 362, 622 N.E.2d 380 (8th Dist.1993), citing *Cincinnati v. Ohio Council 8 AFSCME*, 61 Ohio St.3d 658, 576 N.E.2d 745 (1991).

{¶20} In this case, the parties unquestionably have entered into a CBA pursuant to R.C. Chapter 4117 that provides for a grievance procedure culminating in final and binding arbitration. Casey attached portions of the CBA, a relevant portion of which provides as follows:

**ARTICLE 10**

**GRIEVANCE AND ARBITRATION**

* * *

**Section 3**. **Procedure Generally**. * * *

* * *

It is acknowledged by the parties that this is a final and binding grievance procedure as defined in Ohio Revised Code, Section 4117.10, and that specific provisions of this Contract are to be resolved through the procedures set out in Section 4117.10, excluding Civil Service from jurisdiction as to any specific contractual provisions.

(1/14/22 Verified Complaint and Petition for Relief in Mandamus, Exhibit C).

{¶21} By virtue of this provision in the CBA and the applicability of R.C. 4117.10(A), Casey's exclusive remedy is to file a grievance in accordance with the CBA. The exclusive nature of this remedy is further illuminated by the language of the provision itself in that it specifically excludes it from the jurisdiction of the City's Civil Service Commission. There are various sections of the Commission's Rules and Regulations that expressly acknowledge instances where the CBA will control. One of those instances of particular relevance here, Section 12 of Commission's Rules and Regulation, which governs promotional exams in the Fire Department, ends with this condition: "This section applies unless modified by language in a collective bargaining agreement." *Youngstown Civil Service Commission Rules & Regulations* (April 1, 2021), https://youngstownohio.gov/sites/default/files/forms/05-2021%20REVISED%20RULES.pdf

Case No. 22 MA 0003

(accessed May 5, 2022).[1]  The CBA governing Casey's claims herein are covered by an entire Article, Article 13, devoted to promotions. (1/14/22 Verified Complaint and Petition for Relief in Mandamus, Exhibit B).

### ADEQUATE-REMEDY REQUIREMENT

**{¶22}**   A writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05.  In order for an alternate remedy to be considered adequate, the remedy must be complete, beneficial, and speedy. *State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.*, 65 Ohio St.3d 323, 328, 603 N.E.2d 1005 (1992).

**{¶23}** "A grievance and arbitration procedure in a collective bargaining agreement generally provides an adequate legal remedy, which precludes extraordinary relief in mandamus, when violations of the agreement are alleged by a person who is a member of the bargaining unit covered by the agreement." *State ex rel. Walker v. Lancaster City School Dist. Bd. of Edn.*, 79 Ohio St.3d 216, 218, 680 N.E.2d 993 (1997). And, as in this case, where a plain and adequate remedy at law has been unsuccessfully invoked, a writ of mandamus will not lie to relitigate the same issue. *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities*, 72 Ohio St.3d 205, 209, 648 N.E.2d 823 (1995).

**{¶24}**   In his complaint, Casey acknowledges that the claims he is asserting therein are covered by the CBA:

> The City and the Union are signatories to a collective bargaining agreement containing various terms and conditions *governing* Casey's employment in the Fire Department of the City, including (without limitation) for purposes of this original action in mandamus (a) a term requiring the City to promote the employee finishing first following a promotional examination to fill any vacancy for which such examination was administered and scored and (b) a term providing a process by which grievances arising from the

---

1. Incorporated by reference in both Casey's 1/14/22 Verified Complaint and Petition for Relief in Mandamus, ¶ 25, and 3/23/22 Amended Verified Complaint and Petition for Relief in Mandamus, ¶ 13.

interpretation, application, or enforcement of various terms and conditions of such agreement might be adjusted informally and ultimately by submitting the same to arbitration.

(Emphasis added.) (3/23/22 Amended Verified Complaint and Petition for Relief in Mandamus, ¶ 1.) Nowhere in his complaint does Casey aver that the CBA's Grievance and Arbitration provision inherently fails to provide an adequate remedy because of the facts presented or that the CBA fails to address his promotion-related claim.

{¶25} Rather, Casey's complaint illustrates a case where the grievance and arbitration procedure provided for in the CBA did provide an adequate remedy at law. At no point was Casey hindered from pursuing his grievance. Casey's grievance was advanced as far as it could be through the grievance procedure. At Step 3 of the procedure, the City rejected Casey's grievance. The CBA expressly conditions advancement of the grievance to Step 4 (Arbitration) upon the approval of the President of the Union: "This appeal to arbitration is conditioned on the approval of the President of the Union." The Union informed Casey that it would not seek arbitration of the grievance. (3/23/22 Amended Verified Complaint and Petition for Relief in Mandamus, ¶ 25.) Thus, not only did the CBA's Grievance and Arbitration provision provide Casey an adequate remedy at law, Casey exhausted that remedy.

{¶26} Casey's complaint demonstrates that his real frustration does not lie with the CBA's Grievance and Arbitration procedure, but rather with the result of that procedure. As the Ohio Supreme Court has observed, "the fact that [the union employee] pursued [their] adequate remedies of arbitration and civil service appeals and failed to receive a favorable decision does not render those remedies inadequate. A contrary conclusion would allow grievants and appellants who do not prevail to circumvent these processes." *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities*, 72 Ohio St.3d 205, 209, 648 N.E.2d 823 (1995). "Where a plain and adequate remedy at law has been unsuccessfully invoked, the extraordinary writ of mandamus will not lie either to relitigate the same question or as a substitute for appeal." *Id.*, quoting *State ex rel. Inland Properties Co. v. Court of Appeals of the Eighth Appellate Dist. of*

*Ohio*, 151 Ohio St. 174, 176, 84 N.E.2d 922 (1949); *State ex rel. Stanley v. Cook*, 146 Ohio St. 348, 66 N.E.2d 207 (1946), paragraphs five and nine of the syllabus.

**{¶27}** Casey had and exercised an adequate remedy at law, albeit unsuccessfully. Therefore, Casey's complaint for a writ of mandamus, as cast against the City officials named as respondents, must be dismissed. The duty Respondents owed to Casey was fulfilled and completed when the Mayor's Designee rejected his grievance at Step 3 and the Union decided not to advance it further to arbitration at Step 4 in light of the arbitrator's determination that another union member should have been allowed to sit for the promotional examination.

**{¶28}** Casey acknowledges that a grievance and arbitration procedure in a collective bargaining agreement can serve as an "adequate" remedy at law that might preclude relief in mandamus, but argues that remedy cannot be characterized as "adequate" when viewed from the particular facts or totality of the circumstances of this case. The difficulty for Casey though is the facts and circumstances he points to as rendering the grievance and arbitration procedure in the CBA less than adequate all relate to the Union's decision to not advance his grievance to arbitration. But Casey did not make the Union a party to this case. Casey's exclusive remedy, as provided in the CBA, was the grievance and arbitration procedure. Casey sought and pursued that remedy. He filed his grievance and followed it through. But Casey's complaint does not contain any allegation that any of the City officials named as respondents did anything to hinder or interfere with the procedure.

**{¶29}** A thorough review of Casey's amended complaint and brief in opposition to the motion to dismiss demonstrates that his claim is premised upon conduct of the Union, not respondents. For example, after explaining that the President of the Union told him that the Commission's eligibility list was going to be decertified pursuant to an arbitrator's decision concluding that another union member had been wrongfully denied the opportunity to sit for the promotional examination, Casey states:

> The Union's position in this regard conflicts with and is adverse to
> Casey's interests under his grievance and amounts to an abandonment of
> the process set forth in the collective bargaining agreement referenced in

Paragraph 1 of this amended complaint in patent disregard of Casey's constitutionally protected property interest in public sector employment.

(3/23/22 Amended Verified Complaint and Petition for Relief in Mandamus, ¶ 23.)

**{¶30}** In his brief in opposition to the motion to dismiss, Casey elaborates:

The collective bargaining agreement did **not** leave it to Casey to make the decision respecting whether his grievance over the possible violation of Article 13 [PROMOTIONS] of that agreement should be prosecuted through the final step of the grievance process, *i.e.*, arbitration. *That decision rested entirely with the Union.* Thus, when the Union declined or refused to seek arbitration, that possible remedy no longer was available to Casey.

\* \* \*

Casey no longer had a clear path to such a "plain and adequate" remedy the moment the Union informed him that arbitration would not be pursued ... and then followed up on that assurance by letting the deadline for pursuing arbitration to pass without giving an arbitration notice to the City.

\* \* \*

Casey is **not** required to sit back and accept the Union's unilateral decision not to advance his cause by taking his grievance to arbitration as long as he can do so without having to prove a violation of Article 13 [PROMOTIONS] of the collective bargaining agreement or a violation of Chapter 4117 of the Ohio Revised Code as a prerequisite to securing an alternative form of relief. While Casey was obligated by the terms of the collective bargaining agreement to allow the Union to tackle the promotion issue to the limited extent the City's actions amounted to a possible violation Article 13 [PROMOTIONS], the Union eventually foreclosed the availability of that remedy the moment the Union declined to take Casey's grievance to arbitration.

\* \* \*

Since the Union had the sole discretion in deciding whether to continue to press the City for an alleged violation of the collective bargaining agreement and ultimately elected not to do so, it cannot be fairly disputed that such remedy was **not** "complete" or "beneficial" from Casey's standpoint. The remedy certainly was "plain and adequate" from the *Union's* perspective, but it could not be considered "plain and adequate" from *Casey's* perspective unless the Union were to have continued to pursue it on his behalf. At best, Casey was but a third-party beneficiary of the collective bargaining agreement's grievance process, but his access to that remedy depended *entirely* on cooperation of the Union that ultimately evaporated. Once the Union abandoned him, Casey no longer had *any* remedy through the collective bargaining agreement and lacked any means of compelling arbitration of his grievance absent the approval of the President of the Union. Hence, the arbitration remedy on which the respondents rely in claiming that Casey had a "plain and adequate" remedy elsewhere proved to be but a phantom remedy that ultimately left Casey with no recourse but to seek judicial review.

(Emphasis sic.) (4/28/22 Relators' Brief in Opposition to Respondents' Motion to Dismiss Amended Verified Complaint and Objections to Petition for Writ of Mandamus, pp. 13, 14, 16, 17.)

{¶31} The essence of Casey's complaint is that he was treated unfairly by the Union. The failure of a union to fairly represent its member employee is an unfair labor practice. R.C. 4117.11(B)(6); *State ex rel. Dept. of Mental Health v. Nadel*, 1st Dist. Hamilton No. C-020255, 2002-Ohio-4449, ¶ 15, *aff'd sub nom. State ex rel. Ohio Dept. of Mental Health v. Nadel*, 98 Ohio St.3d 405, 2003-Ohio-1632, 786 N.E.2d 49, ¶ 15. And SERB is vested with exclusive initial jurisdiction over such claims. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police Capital City Lodge No. 9*, 59 Ohio St.3d 167, 170, 572 N.E.2d 87 (1991). Thus, Casey had available to him the additional remedy

Case No. 22 MA 0003

of filing an unfair labor practice charge against the Union with SERB based on its alleged failure to fairly represent him in violation of R.C. 4117.11(B)(6).

**{¶32}** In sum, it appears beyond doubt that, after presuming the truth of all the material factual allegations in Casey's complaint and drawing all reasonable inferences in his favor, he is not entitled to a writ of mandamus against the City's Mayor, Fire Chief, and Finance Director. Casey's promotion-related claim is governed by the CBA and its grievance and arbitration procedure. As such, Casey had an adequate legal remedy, precluding extraordinary relief in mandamus. Casey also had available to him the additional remedy of filing an unfair labor practice charge against the Union with SERB based on its alleged failure to fairly represent him in violation of R.C. 4117.11(B)(6).

**{¶33}** Upon consideration of Respondents' Motion to Dismiss Relator's Amended Verified Complaint Per Civil Rule 12(B) and Objections to Petition for Writ of Mandamus, and in consideration of the foregoing, IT IS ORDERED by the Court that said Motion be, and the same is hereby, GRANTED. Relators' pending motions are hereby DENIED as moot. Accordingly, the writ is DENIED and the cause DISMISSED. Costs taxed to Relator John M. Casey.

**{¶34}** The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.


**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

**JUDGE DAVID A. D'APOLITO**


<u>Case No. 22 MA 0003</u>